## CHAMBERLAIN *vs.* BAGLEY.

The question whether a sum, inserted in an agreement to secure the execution of a deed, is a penalty, or *liquidated damages*, is to be determined by the intent of the parties, as gathered from an examination and construction of the whole instument.

Where a party agreed to convey a certain tract of land for twelve hundred dollars, a part of which was paid down, and was to be received as part of the consideration money if such purchase was not completed, or of the damage, if the contract was not performed ; and the party covenanted, if he did not conform to his agreement, he would pay five hundred dollars as a forfeiture—*Held* that this sum was liquidated damages.

COVENANT broken, founded on an obligation as follows :

" The condition of this agreement is, that Winthrop Bagley, of Thornton, in the county of Grafton and state of New-Hampshire, agrees to sell, and George W. Chamberlain, of Gilmanton, in the county of Strafford, in said state, agrees to buy, the lot of land and all the buildings thereon, situated at Meredith Bridge Village, now occupied by Nathan Bagley, for twelve hundred dollars ; and said Winthrop Bagley agrees to give a warrantee deed of said property, signed by his wife, to the said Chamberlain, within thirty days from the date of

this agreement, by the said Chamberlain paying him twelve hundred dollars on taking possession of the premises; and in case the said Bagley does not conform to this agreement, he agrees to pay the said Chamberlain five hundred dollars as a forfeiture of a non-performance of this agreement, for which he acknowledges he has received the sum of ten dollars (which is to be in part of the damage) if the said Chamberlain neglects to conform to this agreement, made this sixteenth day of July, one thousand eight hundred and thirty-six, and which ten dollars is to be allowed in the payment of the twelve hundred dollars; (should said purchase be completed,) and the said Chamberlain agrees to pay for all the repairs of said house since Nathan Bagley moved into said house.                    Winthrop Bagley." [Seal.]

The defendant plead *non est factum*, and filed a brief statement, denying the signature, and also denying that the sum tendered for repairs was a reasonable sum. It alleged, also, that the instrument declared on was obtained by fraudulent representations.

Evidence was offered upon these various points; and the jury were instructed, if they found for the plaintiff, to render a verdict for the sum of five hundred dollars as liquidated damages, agreed upon by the parties. A verdict was rendered for the plaintiff for that sum; whereupon motion was made by the defendant that the verdict be set aside, on the ground of misdirection of the court, and that the defendant be heard in chancery as to the amount of damages, to be recovered by the plaintiff.

*Bordman & Walker*, for the defendant. 1. The principal question for consideration in this case is, was the $500, agreed to be paid, a penalty, or liquidated damages? The word penalty is defined by Walker to be, a forfeiture on non-performance. Both these words, penalty and forfeiture, used in instruments of the kind declared on, stand opposed to

stipulated damages. *Stearns* vs. *Barrett*, 1 *Pick.* 451. In this case, the court say the question is, whether the sum is to be considered as a forfeiture, or liquidated damages. So in *Lowe* vs. *Peers*, 4 *Burr.* 2228, the court say there is a difference between covenants in general, and covenants secured by a forfeiture, or penalty. And in *Gammon* vs. *Howe*, 14 *Maine R.* 250, the court lay great stress upon the fact that the words penal, penalty, forfeit or forfeiture, are not to be found in the instrument.

The only safe rule is that found in *Holt's N. P.* 43, which is where a sum of money, whether in the name of a penalty or otherwise, is introduced into an agreement or covenant merely to secure the enjoyment of a collateral object, the enjoyment of the object is considered as the principal intent of the deed, or contract ; and the penalty only as accessory ; and, therefore, only to secure the damages really incurred. *Spencer* vs. *Tilden*, 5 *Cowen* 150, *note*. This doctrine is also recognized in *Arnold & a.* vs. *United States*, 3 *Peters' Con. R.* 299 ; *note*.

In *Tayloe* vs. *Sandiford*, 7 *Wheat.* 17, the court say : In general, a sum of money in gross, to be paid for the non-performance of an agreement, is considered as a penalty, the legal operation of which is to cover the damages which the party in whose favor the stipulation is made may have sustained from the breach of the contract by the opposite party. It will not of course be considered liquidated damages ; and it will be incumbent on the party who claims them as such to show that they were so considered by the contracting parties. Much stronger is the inference in favor of its being a penalty, when it is expressly reserved as one.

2. The damages claimed in this case are altogether disproportionate to the value of the property.

In a late case, even where the real damage was uncertain, yet as it was evidently far less than the amount of the liquidated damages, the court of common pleas, although the language in which the liquidated damages was agreed to be

paid, was the strongest that could be employed, referred it to the prothonotary to ascertain what damage, if any, the plaintiff had sustained, and how much, if any thing, ought to be paid to the plaintiff. *Collyer on Partnership* 137.

In *Randall* vs. *Everest*, 1 *Mood. & Mal.* 41, Lord Tenterden seemed to consider that liquidated damages are out of the question in all cases where the agreement is not under seal.

*Lyford, & James Bell,* for the plaintiff, cited the following authorities: 3 *Stark. Ev.* 1132, *with note containing a collection of American authorities ;* 7 *Wheat.* 14, *Tayloe* vs. *Sandiford ;* 4 *Pick.* 179, *Brown* vs. *Bellows ;* 18 *Johns.* 219, *Gray* vs. *Crosby ;* 5 *Cowen* 144, *Spence* vs. *Tilden ;* 11 *Mass. R.,* *Rand's ed.* 83, *note, Perkins* vs. *Lyman ;* 8 *Ditto* 223, *Pierce* vs. *Fuller ;* 15 *Ditto* 488, *Merrill* vs. *Merrill ;* 4 *Ditto* 433, *White* vs. *Dingley ;* 7 *Ditto* 265, *Upham* vs. *Smith ;* 1 *Pick.* 443, *Stearns* vs. *Barrett ;* 3 *Johns. Ca.* 297, *Dennis* vs. *Cummings ;* 15 *Johns.* 200, *Hasbrouck* vs. *Tappan ;* 12 *Wend.* 393, *Ayres* vs. *Pease ;* 16 *Serg. & Rawle* 320 ; 17 *Wend.* 447 ; 13 *Ditto* 587 ; 7 *Cowen* 307.

UPHAM, J. In this case motion is made to set aside the verdict, on the ground that the sum named in the obligation in suit constituted a mere penalty, and cannot be regarded as liquidated damages, or as forming any criterion for the amount of the verdict for the plaintiff.

If this be so, the verdict should be set aside, and a hearing be had in chancery, to determine the actual damage sustained ; for which, merely, judgment should be rendered.

The question thus raised is one difficult to be determined, owing to the contradictory decisions upon this subject. Courts, from a desire to avoid cases of seeming hardship, have, in many instances, made decisions disregarding the evident intent and design of the parties, to contracts ; and a va-

riety of reasons have been assigned for this course.   Holt, in a note to his Nisi Prius Reports, has attempted to classify the cases upon this subject, and arrives at the conclusion that the following points are sustained by them.    1.  That where a sum of money, whether in the name of a penalty or otherwise, is introduced in an agreement merely to secure the enjoyment of a collateral object, the enjoyment of the object is considered as the principal intent of the contract, and the penalty only as accessory, and is therefore inserted merely to seure the damage really incurred.    2.  Where an agreement contains provisions for the performance of several things, and then a large sum is stated at the end of it, to be paid upon the breach of performance, it will be considered as a penalty.    3.  Where the payment of a smaller sum is secured by a larger, it should be regarded as a penalty.    4. Where the word penalty is specifically used, it is merely as a security, and will effectually prevent the court from considering the sum mentioned as liquidated damages.    5.  A court of equity will relieve against a penalty upon a compensation, and a court of law will not enforce it beyond the actual damage sustained ;  but where there is an agreement to pay a particular liquidated sum, neither a court of equity, nor a court of law, can make a new agreement for a man, nor is there any room for compensation or relief.    6.  When the precise sum, therefore, is not of the essence of the agreement, the *quantum* of damages may be assessed by a jury ;  but where the precise sum has been fixed and agreed upon by the parties, that very sum is the ascertained and liquidated damage ;  the jury are confined to it and the plaintiff cannot recover beyond. *Holt's N. P. Rep.* 5 ;  *5 Bos. & Pul.* 346, *Astley* vs. *Weldon ;*  4 *Burr.* 2225, *Lowe* vs. *Peers ;* 3 *Car. & Payne* 240, *Christie* vs. *Bolton ;*  3 *Barn. & Ald.* 425, *Farrant* vs. *Olmius ;* 2 *D. & E.* 32, *Fletcher* vs. *Dyche ;* 8 *Moore* 244, *Reilly* vs. *Jones.*

The difficulty under this classification of cases has been to determine whether the precise sum stipulated to be paid is

Chamberlain *v.* Bagley.

" of the essence of the agreement," or not ; and where an instrument " is designed to secure the enjoyment of an object as its principal intent," whether it might not have been equally the intention of the parties, if they failed to secure such enjoyment, to compel payment of the sum named as stipulated damages, rather than as a mere penalty.  The rules adopted by the court in a portion of these classifications are arbitrary in their character, and are by no means certain to effect the true intent of the parties ; while at the same time the doctrine seems to be sustained by another class of decisions, that where the parties agree to pay a particular liquidated sum, the intent of the parties must be carried into effect, and neither a court of equity or of law can relieve from it.

We see no reason why contracts of this kind should not be judged of by the same rules of construction as other contracts ; or why a technical, restricted meaning, should be given to particular phrases without recurrence to other portions of the instrument to learn the design of the parties.

The more modern decisions upon this subject have turned on the construction of the agreement according to its general intent.  In *Reilly* vs. *Jones*, 8 *Moore's Rep.* 244, it is said that where it may be fairly collected that the intent of the parties was that the damages stipulated for, as between themselves, were to be considered as liquidated damages, they cannot be treated as a penalty, although they might operate as such in a popular sense.  The same case is reported in 1 *Bing.* 302 ; and there is a similar case in *Holt's N. P. Rep.* 43, *Barton* vs. *Glover.*

The rule is well laid down in 3 *Shep.* 273, *Gowan* vs. *Gerrish*, that the lawful intention of the parties, in a case free from fraud, when it can be ascertained must have a decisive influence in determining whether the sum stated is to be regarded as a penalty, or as liquidated damages.  And in *Knapp* vs. *Maltby*, 13 *Wend.* 587, where the instrument was, I further covenant that in case of non-performance *of any or either* of the above covenants I will *forfeit* the sum of five hundred dol-

lars as liquidated damages, it was holden to bind the party to that extent. Also, in *Gammon* vs. *Howe*, 2 *Shep.* 250, where the parties contracted mutually to do certain acts at a fixed period of time, and respectively bound themselves each to the other in the sum of five hundred dollars, for the faithful performance of the several agreements by them entered into, it was holden that the sum was not to be considered as a penalty, but as liquidated damages.

The words forfeit or forfeiture, penal sum or penalty, have in some instances been regarded as furnishing a very strong, if not conclusive indication, of the intention of the parties in an instrument of this description; but the weight to be given to such phraseology will depend entirely on its connection with other parts of the instrument. If an individual promises to pay the damage which may be incurred, *under* a given penalty, or *under* a forfeiture, the *damage* only in such case is agreed to be paid. On the other hand, the penalty may be expressly agreed to be paid in such terms as to admit of no doubt that such was the intent of the parties; and where such is the case, notwithstanding it may be named as a forfeiture, or the parties are spoken of as bound in a certain sum, if it was clearly the design of the parties that such sum should be paid, it is holden in the more modern decisions as liquidated damages.

The court are of opinion in this case that the sum inserted in the contract, to be paid on its non-fulfilment, was designed by the parties as liquidated damages. The defendant promised, " if he did not conform to his agreement, to pay the sum of five hundred dollars, as a forfeiture for its non-performance ;" and a portion of the money was advanced to him at the time, which, by the contract, was to be in part of the damage, or of the purchase money, as the circumstances in the end might require.

The minuteness and particularity with which these provisions were made, tend to show that the design of the parties was to ensure a performance of the contract without fail.

Chamberlain *v.* Bagley.

They lived at considerable distance from each other, as appears from the contract entered into ; and, from the time given in which to complete the contract, it is probable it might cause no little trouble and expense to the plaintiff to procure the means for the purchase of the land, and apply to the defendant within such time for a deed.    There was sufficient reason, therefore, to affix a sum in damages that might be supposed to render the contract certain.    The sum named to be paid is considerably less than half the consideration money of the deed.    The promise is express, that it should be paid, if the contract was not completed ; and though it is said it should be paid as a forfeiture, we have no reason to believe this term was used in a technical sense as a means to secure such reasonable damage as might afterwards be shown, but as an actual agreement made by them as to what the damage should be, and which the parties designed at the time should be paid, in case of non-fulfilment of the agreement, as so much liquidated damages.

Such, in our view, having been the intention of the parties in the contract now under consideration, the instruction of the court as to the rule of damage was correct, and there must be

*Judgment on the verdict for the plaintiff.*