Blaokeord, J.
Throckmorton brought an action of debt against Fowler and Inman, founded upon a writing obligatory for the payment of $150. The obligation was dated on the 2d of March, 1839, and was payable to the plaintiff on the 8th of January then next ensuing. The defendants pleaded the statute of usury. The plea states, among other things, that the sum lent by. the plaintiff' to the defendants was $126; and that the residue of the sum for which the obligation was given, was for interest on the loan from the date of the obligation until the time it was payable. General demurrer to the plea. The demurrer was sustained, and final judgment rendered in favour of the plaintiff for the amount of the obligation.
*349 The only question presented by the cause is whether a suit can be sustained on the obligation before us, given by the defendants to the plaintiff upon a usurious contract, and governed by the statute of 1838, the illegal interest being included in the amount for which the bond was given ?
The statute of 1838 against usury, so far as the present case is concerned, is as follows:
“ Sect. 2. No person or persons, body politic or corporate, shall, on any contract hereafter made, directly or indirectly, take or receive for the loan, or use, orforbearance of money, or on any contract for the payment of money, above the rate or value of $6.00 for the loan, use, or forbearance, or on the contract for the payment of $100 for one year, and so proportionally for any greater or less sum, and for any longer or shorter time, unless the stipulation to pay a higher rate of interest be made in writing, and signed by the party to be charged. But in no case whatever shall any person or persons, body politic or corporate take or receive more than $10.00 for any such loan, use or forbearance of money, or on any such contract for the ^payment of $100 for one year, and so proportionally for any longer or shorter time, or for any greater or less sums. “ Sect. 3. If any person, either directly or indirectly, shall demand or receive any greater rate of interest than may be lawful for the use of any sum of money, the person so offending shall, on conviction by indictment in the proper Circuit Court, pay a fine to the State of Indiana, for the use of the county seminary of the county in which the offense shall be committed, double the amount of the excess of interest so received above the amount by law allowed,” R. S., 1838, p. 337.
This statute expressly prohibits the taking of as high an interest on a loan, as that which is included in the contract in question ; and we are first to consider whether this contract comes within the prohibition of the statute ? We think it does. As the law expressly forbids the taking of as high interest as this contract includes, it will not, of course, per *350 mit its recovery when contracted for; and the contract on the subject must therefore be unlawful. It was said by the Supreme Court of the United States, in a case which we shall presently cite, and on a question like the one we are now considering, that when the restrictive policy of a law alone is in contemplation, it is a universal rule that it is unlawful to contract to do that which it is unlawful to do.
But the plaintiff contends,that though the contract be prohibited by the statute, still it is not void, because it is not declared to be so in express terms. There is nothing in this argument. A contract made for or about any matter or thing which is prohibited and made unlawful by statute, is a void contract, though the statute itself does not mention that it shall be so. Comyn on Contracts, 66, and the cases there cited; Chitty on contracts, 694, et seq. The charter of the late bank of the United States says, that “it (the bank) shall not be at liberty to purchase any public debt whatever, nor shall it take more than at the rate of six per centum per annum for or upon its loans or discounts.” The contract for a higher rate of interest, &c., is there prohibited, but it is not in terms declared void. In a suit by the bank on a contract, in which the defendant pleaded usury under the above-named clause in the charter, the plaintiff contended, as is done here, *that the contract was not void, because it was not expressly declared to be so. The Supreme Court of the United States, however, thought otherwise. They decided that a contract in violation of that part of the bank-charter was void, on the ground that the contract was prohibited by law. They state the substance of several decisions, both ancient and modern, which are directly in support of their opinion, but which it is not deemed necessary to refer to here. The Bank of the United States v. Owens et al., 2 Peters, 527.
The case just cited is also an answer to the plaintiff’s objection to declaring the contract void as to the principal debt, though it be so as to the illegal interest. The statute in forbidding the taking of interest beyond a certain rate on a *351 roan, prohibits the making a loan on such terms; and the prohibition must apply, if at all, to the whole contract. That is the view which the United States Court, in the case we have referred to, takes of the subject. It is there decided, that if the plea of usury made out a case of violation of the provision of the bank-charter fixing the rate of interest, the notes sued on which had been given for the money lent, or the contract therein expressed, were void in law, so that no recovery could he had thereon.
It can not be said in this case, that because the statute subjects the person taking illegal interest to an indictment and fine, the validity of the contract is by that means preserved. The party here has not actually received the usurious interest, and is not therefore liable to a criminal prosecution. Livingston v. The Indianapolis Ins. Go., May term, 1842. But if he were so liable, the contract would not be the less objectionable on that account. It-has been frequently decided, and we have no doubt correctly, that if an act be forbidden by statute, a contract to do such act-is absolutely void, whether the prohibition be under a penalty or not. Bartlett v. Vinor, Carth., 252; Drury v. Defontaine, 1 Taunt., 131. In a late case, in which the same point is decided, Bayley, J., says : “ Where a provision is enacted for public purposes, I think that it makes no difference whether the thing be prohibited absolutely or only, under a penalty. The public have an interest that the thing shall not be done, and the objection in this ease must prevail, not for the sake of the defendant, *but for that of the public.” Bensley et al. v. Bignold, 5 Barn. & Ald., 335; Chitty on Contracts, pp. 692 to 697, and the authorities there cited; Mitchell v. Smith, 1 Binn., 110; Wheeler v. Russell, 17 Mass., 258.
In looking to what has been the former legislation in this State respecting usurious contracts,we find nothing to change our opinion as to the effect of the act of 1838, to which we have referred. The statutes of 1818 and 1824 prohibited the taking of interest beyond a certain rate, but they quali- ’ *352 fied the effect of the prohibition relative to the lender’s recovery of the principal debt, except, &c. The statute or 1831 prohibited the taking of a higher rate of interest than six per cent, per annum unless the agreement for a higher rate was in writing; and it left out the clause in the previous acts relative to a recovery of the principal debt. By a statute of the last named year, the previous acts on the subject were repealed R. C., 1831, pp. 290, 334. The-statute of 1833 repealed the section of the act of 1831, under which parties could contract in writing for what interest they pleased; but it did not reinstate the clause contained in the acts previous to 1831, (and which' acts were in 1831 repealed) relative to a recovery of the principal debt though the contract was usurious. It expressly prohibited the taking of more than six per cent, per annum interest, unless there was a written agreement for a higher rate, which could not, however, exceed ten per cent, per annum; and it made the receiving*of a higher rate of interest than that last named, an indictable offense. Stat., 1833, p. 43.
These are the several statutes of the State Legislature, on the subject of usury, passed previously to the act of 1838. We think that if any inference respecting the meaning of the act of 1838 on the question before us, is to be drawn from the former course of legislation on the subject, it is against the view of that act taken by the plaintiff’s counsel. We certainly see nothing in that legislation which shows that the direct and unqualified 'prohibition of usury contained in the act of 1838, (the act .which alone governs the present case) does not render the usurious contract under consideration unlawful and consequently void.