## MEAD vs. WHEELER.

The plaintiff and defendant made an agreement in writing, that the plaintiff should convey to the defendant a certain farm, and that in consideration thereof the latter should pay the former the sum of four thousand dollars. The parties also agreed that each should pay to the other, should he neglect to perform his part of the contract, upon performance or tender of performance by the other, the sum of one thousand dollars.—*Held*, that this sum was liquidated damages, and that the plaintiff was entitled to recover it, with interest, of the defendant, upon a neglect by him to perform his part of the contract.

ASSUMPSIT, on an agreement in writing, dated on the 4th day of September, 1841, and signed by the parties to the suit. The agreement stated that in consideration of five dollars, and for other considerations, the plaintiff had agreed with the defendant that he would convey to the latter, or to Samuel Wheeler, as the defendant should direct, by a good deed of warranty, between the first and the tenth days of March, then next, the farm in Chesterfield then occupied by the plaintiff, and called " the Britton farm." And the defendant, in consideration of such contract to convey, agreed to pay to the plaintiff, on a tender of a good title to the farm, the sum of four thousand dollars. The plaintiff was to retain possession of the farm until the first day of April, 1842, and to allow the defendant, as rent therefor from the time of the conveyance until that day, the interest of the purchase money. And each party agreed to pay to the other party the

sum of one thousand dollars, should he neglect or refuse to perform his part of the contract, on a performance or tender of performance by the other. On the back of the contract was a receipt for the sum of five dollars, dated on the 4th day of September, 1841, and also an agreement, dated on the 5th day of March, 1841, signed by the parties, and stating that the title to the farm had on that day been tendered to the defendant by the plaintiff, according to the agreement, and stating also that the time of making the payment had been extended to the 24th day of March.

The plaintiff proved that on the 24th day of March he was present at a place designated by the parties for the execution of the agreement, but that the defendant did not make his appearance.

The defendant contended that the plaintiff was entitled to recover only the actual damages he had sustained by reason of the non-performance of the contract; but the court ruled that the sum mentioned in the contract was to be considered as liquidated damages, agreed upon by the parties, and that upon this evidence the plaintiff was entitled to recover the sum of one thousand dollars.

A verdict was thereupon taken for the plaintiff for that sum, by consent, with interest, subject to the opinion of this court.

*Carlton*, for the defendant.

*Handerson*, for the plaintiff. The only question is, whether the plaintiff should recover one thousand dollars as liquidated damages, or only such sum as a jury might award him.

Most of the cases on this subject may, I think, be reconciled, although at first view they appear contradictory.— There are two classes of cases where it has been held that the sum to be paid should be regarded as a penalty.

1. Where a large sum is stipulated to be paid for non-payment of a smaller sum.

2. Where there are several stipulations, and several things to be done, and the sum is payable on a failure to perform any one of them. But where only one sum is payable, and that is to be paid on the doing, or failure to do, *one single act*, the sum stipulated is to be taken as liquidated, and the whole amount is to be recovered. Testing the cases by these rules, the law on this subject is not obscure nor uncertain. The parties surely have a right to make their own contracts, and when their meaning is ascertained, those contracts are to be carried into effect. The following cases illustrate the question under consideration. *Stearns* vs. *Barrett,* 1 *Pick.* 451 ; *Curtis* vs. *Brewer,* 17 *Pick.* 513 ; *Heard* vs. *Bowers,* 23 *Pick.* 455 ; *Slosson* vs. *Beadle,* 7 *Johns.* 72 ; *Knapp* vs. *Maltby,* 13 *Wend.* 587 ; *Dakin* vs. *Williams,* 17 *Wend.* 454 ; 2 *Story's Eq.* 550 ; 5 *Cowen* 151, (*note ;*) *Astley* vs. *Weldon,* 2 *B. & P.* 353 ; *Kemble* vs. *Farren,* 6 *Bing.* 141 ; *Crisdee* vs. *Bolton,* 3 *C. & P.* 240 ; 2 *Com. on Cont.* 525.

GILCHRIST, J. It is settled that where there is an agreement to pay a large sum, if the party fail to pay a smaller sum, the agreement to pay the penalty cannot be enforced beyond the amount of the legal interest. Although in fact a creditor may suffer the most serious injury from the want of punctual payment of his debt, and the payment of the principal and interest may very inadequately compensate him for his disappointment, still the payment of more than the legal interest cannot be enforced under the denomination of a penalty, although if the agreement to pay a penalty be in accordance with the general usage and practice of a particular trade, it has been held that it might be enforced, even if it should exceed the legal interest. *Floyer* vs. *Edwards,* *Cowp.* 112 ; *ex parte Aynsworth,* 4 *Ves.* 678. The payment of money being the thing to be done, as money is the only measure of damages, no closer approximation to the damages sustained can be made than to estimate them at the sum

agreed to be paid, and the interest thereon. This consideration, with the necessity of enforcing the laws against usury, affords perhaps as good a reason why the party should be compelled to pay no more than the sum specified, and the interest, as the inequity of his paying a large sum for the omission to pay a smaller sum.

We have had occasion to examine the general question, whether a sum be a penalty or liquidated damages, in the cases of *Chamberlain* vs. *Bagley*, 11 *N. H. Rep.* 234, and *Brewster* vs. *Edgerly*, *ante* 275. Where the thing to be done is not the payment of money, but, as in this case, is the performance of some other act, the objection that money is the measure of damages, which are already estimated and settled by the agreement to pay money, does not arise. Nor, in such case, is the operation of the usury laws to be considered. Where the parties plainly say and mean that a certain sum of money shall be paid, if a certain thing be done or be omitted to be done, the only objection to enforcing the payment arises from its assumed inequity. But before we act upon that reason, we must satisfy ourselves, if indeed that be possible, that we thoroughly understand what would be equitable between the parties to the suit. We should know not only what would be equitable in general, where no modifying nor counterbalancing circumstances existed to affect the decision, but what would be just between two persons, with the thousand facts and impressions which environ them and influence their conduct, as matters of a like character surround and influence all mankind. Contracts are often made upon considerations arising exclusively from the personal feelings and desires of the parties. He who makes a contract acts under what is to him an adequate inducement, and the person who has given that inducement should not be deprived of the full security for an object the personal importance of which can only be justly appreciated by himself.

Upon questions similar to that raised by this case, where

a single act was to be done, or a sum of money paid, the decisions of the courts have generally been that the money was to be regarded as liquidated damages. In *Lowe* vs. *Peers*, 4 *Burrow* 2225, the defendant promised the plaintiff that he would not marry any person but her; and that if he should, he would pay her £1000 in three months. Lord Mansfield said that where there is a covenant to pay a particular liquidated sum, a court of equity cannot make a new covenant for a man, and that where the precise sum is not the essence of the agreement, the *quantum* of the damages may be assessed by the jury; but where the precise sum is fixed and agreed upon by the parties, that very sum is the ascertained damages, and the jury are confined to it. It was held that the sum was to be considered as liquidated damages.

In the case of *Fletcher* vs. *Dyche*, 2 *T. R.* 32, the defendant's plea of set-off stated that the plaintiff agreed with the defendant that he would do all the smith's and ironmonger's work about the repairs of a parish church, according to a certain particular or plan thereof given, within the space of six weeks, and that if he should neglect to do the work within the time, he would pay to the defendant the sum of £10 for every week from the time it ought to be done, until it should be completed. This was held to be a case of stipulated damages, Ashhurst, J., remarking that it would have been difficult for the jury to ascertain what damages the defendant had really suffered by the breach of the agreement, and therefore it was proper for the contracting parties to ascertain it by their agreement.

It may be remarked of *Kemble* vs. *Farren*, 6 *Bingh.* 141, upon which we have made some comments in *Brewster* vs. *Edgerly, ante* 275, that it does not seem to accord with the principle of the decision in *Fletcher* vs. *Dyche.* In *Kemble* vs. *Farren* the defendant was to pay a specified sum if he should not conform to the regulations of the theatre, and Tindal, C. J., said that if the sum should be held to be liqui-

dated damages, the defendant must pay it, if he should not comply with some minute and unimportant regulation. In *Fletcher* vs. *Dyche* the plaintiff was to pay a specified sum if he should not do the smith's work according to a certain particular or plan. According to the reasoning of Lord Ch. J. Tindal, (as he would become liable to pay the money, if he should deviate from the plan in any particular, and if the sum should be held to be liquidated damages,) such a result would be a reason for considering it as a penalty. This view of the case does not seem to have presented itself to the Court of King's Bench, who had no hesitation in holding that the sum specified must be paid.

In the case of *Astley* vs. *Weldon*, 2 *B. & P*. 346, where both the decision and the contract were similar to those in *Kemble* vs. *Farren*, Lord Eldon makes some remarks upon the position that the payment of a specified sum for doing or omitting a certain act, would be inequitable. Of *Ponsonby* vs. *Adams*, 6 *Brown P. C.* 417, where it was covenanted that if a tenant should fail to reside on an estate leased to him, his rent should rise from £125 to £150, and held that the additional rent was liquidated damages, he says, "the landlord may have set a value on the residence of a particular tenant on his estate, and why should he not upon that ground have stipulated that if the tenant should cease to reside there, his rent should rise to £150"? Upon the case of *Rolfe* vs. *Peterson*, 6 *Brown P. C.* 470, where there was a covenant that a tenant should pay £5 per annum for every acre broken up and converted into tillage, his lordship remarks that "nothing can be more obvious than that a person may set an extraordinary value upon a particular piece of land, or wood, on account of the amusement it may afford him. In this country a man has a right to secure to himself a property in his amusements ; and if he choose to stipulate for £5 or £50 additional rent for every acre of furze broken up, or for any given sum of money upon every load of wood cut and stubbed up, I see nothing irrational in such a

contract; and it appears to me extremely difficult to apply with propriety the word 'excessive' to the terms in which parties choose to contract with each other." Chambre, J., expressed the same views, and Heath, J., said, "where it is agreed that if a party do such a particular thing, such a sum shall be paid by him, there the sum stated may be treated as liquidated damages." Several of the cases cited by the counsel for the plaintiff support the position taken by Mr. Justice Heath; and if the view we have taken of this case should need the support of authority, we know of none superior to that of Lord Eldon, who, if not *facile princeps*, was undoubtedly one of the most eminent lawyers of modern times.

The opinion of the court is, that in the case before us the intention of the parties is clear, that if either of them should fail to perform his part of the contract, he should pay one thousand dollars as liquidated damages, and we cannot say that such payment would be inequitable. We have decided that in such a case as this, interest may be taxed on the sum due. *McIlvaine* vs. *Wilkins, 12 N. H. Rep. 474.*

*Judgment on the verdict.*