ANDREWS *v.* RUSSELL and Another.

The act of 1843 respecting interest, which declares that usurious contracts shall not be void, &c., embraces contracts made before as well as those made after its passage, and is constitutional.

*Friday,
July 25.*

ERROR to the *Shelby* Circuit Court.

DEWEY, J.—Assumpsit by the payees against the maker· of a promissory note, dated in *May*, 1840, for 1,204 dollars and 50 cents, payable in six months. Plea, the general issue. On the trial, the plaintiffs gave in evidence the note described in the declaration; whereupon it was agreed by the parties that the consideration of the note was a debt of 1,095 dollars, due from the maker to the payees; and that the sum of 109 dollars and 50 cents was included in the note as interest for the forbearance of the debt for six months, being at the rate of twenty *per cent. per annum*, making the aggregate as

expressed on the face of the note. The cause was submitted to the Court. Judgment for the plaintiffs for 1,095 dollars; and for the defendant for the costs.

In *Fowler* v. *Throckmorton*, 6 Blackf. 326, this Court decided that an action could not be sustained on a writing obligatory for the payment of a certain sum of money, a part of which was illegal interest, on the ground that the statute of 1838, which forbade the reception of, or agreement for, usury, rendered the contract void. The same statute was in force at the date of the promissory note on which this action is founded. Since the above-mentioned decision was made, the legislature has passed an act, by which it is provided that usurious contracts shall not be void, but that in actions upon them, the plaintiff shall recover the principal sum without interest; and that the defendant shall recover costs. R. S. 1843, p. 581, sect. 29. This statute we construe to include contracts made before, as well as those made after its passage. The judgment of the Circuit Court conforms to it, and is valid, unless the law itself, so far as it respects pre-existing contracts, is void. This depends upon the constitutional right of the legislature to pass a retrospective statute.

The only provisions in the constitution of the *United States*, or in the constitution of this state, restrictive of the power of the legislature to enact laws operating upon past transactions, are those which forbid the passage of bills of attainder, *ex post facto* laws, and laws impairing the obligation of contracts.

The first prohibition is too evidently out of the question on the present occasion, to need comment.

The phrase *ex post facto* is technical, and has relation only to criminal laws; it does not embrace statutes respecting private rights, or civil remedies. *Calder* v. *Bull*, 3 Dall. 386. *Strong* v. *The State*, 1 Blackf. 193. It has, therefore, no bearing upon the law under consideration.

Nor is the obligation of any contract impaired by this statute; on the contrary, its object is to give force and obligation to contracts which, before its passage, were illegal and void. It is retrospective, certainly; but that it is not unconstitutional for that reason is too well established to be questioned. *Beach* v. *Woodhull*, Pet. C. C. Rep. 2. A Court

of Probate in *Connecticut* made a decree disapproving a will, in consequence of which the right of the heir at law to the devised premises remained unimpaired. The legislature of that state passed a law setting aside the decree and ordering a new trial. The will was finally established, and the devisee held the property. The Supreme Court of the *United States* decided the law to be constitutional. *Calder* v. *Bull, supra.* Two persons held land in common, in *Pennsylvania*, under what was called a *Connecticut* title. They made partition and became mutual tenants to each other under leases. In an action of ejectment respecting some of the premises thus leased, the Supreme Court of *Pennsylvania* decided, that the relation of landlord and tenant could not exist between persons holding under a *Connecticut* title. The legislature subsequently passed a law that the relation of landlord and tenant did and should exist between such persons. It was held by the Supreme Court of the *United States* that the law was constitutional. *Satterlee* v. *Matthewson*, 2 Pet. 380. A person died in *New Hampshire* seised of real estate in *Rhode Island ;* he devised that property to his daughter. His will was proved by his executrix in *New Hampshire*, and a license to sell his real estate to pay debts, was procured from a Court of Probate there. Under that license and for that purpose, the executrix sold the land in *Rhode Island*, and executed a deed to the purchaser. The legislature of that state passed a law confirming the title in the purchaser. It was decided that the law was constitutional; and that it gave validity to the deed which was otherwise null and void. *Wilkinson* v. *Leland et al.* 2 Pet. 627.

Thus, we see that retrospective laws are not necessarily unconstitutional. That it is, in general, inexpedient and injurious to the public interest to pass them is not to be questioned. But a state of things may, and sometimes does exist, which renders retrospective legislation desirable, and highly equitable in its effects; and we cannot but think that such a crisis demanded the passage of the law which we have been considering. For more than thirty years prior to 1831, usurious contracts were expressly declared by law to be valid for the principal sum, and void only as to the interest; and though from that period the saving clause was repealed,

the effect of the repeal upon the validity of the contract was not judicially settled until the decision of the case of *Fowler* v. *Throckmorton, supra*, in 1842. In the meantime, it is reasonable to suppose, many usurious contracts had been made under the belief that nothing but the interest was jeoparded —contracts which never would have existed had the public been apprized of the real state of the law. Under these circumstances, we think the law can be vindicated on the score of sound policy and justice, as well as on that of constitutionality.

We have said that the only provisions in the federal or state constitution, restrictive of the power of the legislature to enact a retrospective law, are those before mentioned. We do not, however, mean to say that a retrospective law may not be void though it violate no express prohibition. There are certain absolute rights, and the right of property is among them, which, in all *free* governments, must of necessity be protected from legislative interference, irrespective of constitutional checks and guards.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*W. Herod*, for the plaintiff.

*W. Quarles* and *J. H. Bradley*, for the defendants.