HAAS *v.* FLINT.

*The Madison Insurance Company* may take interest in advance on the loan of money.

But where that company took interest in advance for six months on a note dated the 7th of *February*, 1841, and payable one hundred and eighty days after date, it was held to be usury.

Although usurious interest be received on the loan of money, the principal sum after deducting the interest may, under the statute of 1843, be recovered from the borrower, but the defendant will recover costs.

ERROR to the *Jefferson* Circuit Court.

*Friday,·
May 29.*

BLACKFORD, J.—This was an action of debt brought by *Haas*, as assignee of a promissory note, before a justice of the peace against *Flint*, one of the makers of the note. Plea, *nil debet*, with leave to give the special matter in evidence. The justice gave judgment for the defendant, and the plaintiff appealed. The cause was submitted to the Circuit Court, and the defendant, on the 26th of *March*, 1844, obtained judgment.

The note sued on was as follows: " *Madison, February* 7, 1841. One hundred and eighty days after date, we or either of us promise to pay *The Madison Insurance Company*, at their office, one hundred dollars, with interest at the rate of ten *per cent. per annum* in advance; and if not paid at maturity, to bear interest at the rate of ten *per cent. per annum* until paid. Value received. *A. W. Flint.* As security, *D. Blackmore.*" The note was assigned to the plaintiff.

It was proved that the defendant being indebted to the payees in the sum of one hundred and sixteen dollars and five cents, paid the sixteen dollars and five cents, and paid also five dollars as interest in advance for six months on one hundred dollars, and gave the note in question for the balance; and that one hundred and eighty days were usually rated there as six months.

The only question raised in this cause is, whether the note is usurious or not?

It is contended by the defendant that it was usury to take interest in advance, but he is mistaken in this. The payees are authorized to discount or loan money, Stat. 1832, p. 143, and they may consequently take interest in advance in a case

May Term, 1846.

like the present. *Fleckner* v. *The Bank of the U. S.* 8 Wheat. 338, 354.

It is also contended that the payees took more than at the rate of ten *per cent. per annum* interest; and this objection is fatal. On a note for one hundred dollars payable in one hundred and eighty days, five dollars were taken as interest for six months, which was for a greater length of time than the note had to run. It has been decided, after a very full discussion, that the taking of interest for a fourth of a year on a note payable in ninety days is usury. *The New York Firemen Insurance Co.* v. *Ely*, 2 Cowen, 678.

But though the note is usurious, the judgment for the defendant is erroneous. The plaintiff is entitled, under the statute of 1843, to a judgment for ninety-five dollars; and the defendant to a judgment for costs. R. S. 1843, p. 581.—*Andrews* v. *Russell et al.* 7 Blackf. 474.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall*, for the plaintiff.

*M. G. Bright*, for the defendant.