COLE and Others *v.* LOCKHART.

The defendants gave their note to the plaintiff for 500 dollars, payable on
the 19th of *February;* and, in case of plaintiff's death, to be paid to her
heirs, and if not paid at the expiration of the time, the interest thereon
to be paid at the rate of 10 *per cent. per annum.* The facts are as follow:
The defendants applied to the plaintiff for a loan of 500 dollars, and of-
fered to pay interest in advance at the rate of 10 *per cent.* The plaintiff
made the loan, paying the defendants 450 dollars, and retaining 50 dol-
lars for advance interest. The statute of 1838 was in force at the time.
The Court calculated interest on the note from the time it fell due at the
rate of 10 *per cent. per annum,* and included it in the judgment. *Held,*
that the note was not usurious, and the judgment below was correct.

APPEAL from the *Clark* Circuit Court.

BLACKFORD, J.—The appellee, in 1847, brought an ac-
tion of debt against the appellants on a promissory note.
The note is as follows:

"$500. For value received, we, or either of us, pro-
mise to pay to *Tabitha Lockhart,* on or before the 19th of
*February,* 1841, the sum of 500 dollars, lawful money;
and, in case of her death, to be paid to her heirs; and if
not paid at the expiration of the time, the interest there-
on to be paid at the rate of 10 *per cent. per annum;* as
witness our hands and seals this 19th of *February,* 1840.
(Signed) *Cole* and *Parker, John C. Parker, Jefferson Carr.*"

There are some payments indorsed on the note.

The declaration is in the usual form. Plea, the gene-
ral issue.

The cause was submitted to the Court; and judgment
rendered for the plaintiff for the sum of 573 dollars and
32 cents.

The following are the facts: The consideration of the
note was as follows: The said *Cole* and *Parker* applied
to the plaintiff for a loan of 500 dollars, and offered to
pay interest in advance at the rate of 10 *per cent. per an-
num.* The plaintiff acceded to the proposition and made
the loan accordingly; paying said *Cole* and *Parker* 450
dollars, and retaining 50 dollars for advance interest.

The Circuit Court calculated interest on the note from
the time it fell due at the rate of 10 *per cent. per annum,*

and included such interest in their judgment. That is alleged as error, on the ground that the note was usurious, and that therefore no interest was, under the statute of 1843, recoverable.

The statute of 1838, which was in force when the note was executed, enacts that no person shall, on any contract afterwards made, directly or indirectly, take or receive for the loan of money above the rate of 6 *per cent. per annum*, unless the stipulation to pay a higher rate (not to exceed 10 *per cent. per annum*) be made in writing. R. S. 1838, p. 336.

The only ground relied on by the defendants to show the note to be usurious is, that the amount of the legal interest for the time the note had to run was taken in advance.

The authorities are not uniform as to the question involved in this cause. In a very early case under the statutes of *Henry* the 8th, and of *Elizabeth*, the Court said that "if the lender had agreed to take his money for the forbearance, instantly when he lent it, that had made the assurance void." *Barnes* v. *Worlich*, Croke James, 25. But subsequently, it was said by Justice *Blackstone* that, "under the statute of *Anne*, interest might as lawfully be received beforehand for forbearing as, after the term is expired, for having forborne; and that it should not be reckoned as merely a loan of the balance, else, every banker in *London*, who takes 5 *per cent.* for discounting bills would be guilty of usury. For, if upon discounting a 100*l.* note at 5 *per cent.*, he should be construed to lend only 95*l.*, then, at the end of the time, he would receive 5*l.* interest for the loan of 95*l.* principal, which is above the legal rate." *Lloyd* v. *Williams*, 2 W. Blacks. R. 792. There is a case to the following effect: The grantor of an annuity having agreed with the grantee to redeem, drew a bill of exchange for 5,000*l.* for three years, which the grantee discounted in the following manner : he took 4,083*l.* 6*s.* 8*d.* as the amount of the purchase-money and arrears, advanced 166*l.* 13*s.* 4*d.* to the grantor in cash, and took 750*l.* as interest for three years upon 5,000*l.* It

was held that the transaction was usurious. *Marsh* v. *Martindale*, 3 Bos. & Pull. 154. In the last cited case, the dicta aforesaid in the above named case of *Barnes* v. *Worlich*, are recognized as law. The text-writers state the general rule to be, that the interest cannot be taken in advance, but that, in favor of trade, an exception is allowed in discounting bills and notes. Chit. on Bills, 102. —Byles on Bills, 231.—Comyn on Usury, 81 to 94. There is, however, a late *English* case as follows: A party having applied to the defendant for the loan of a sum of 6,700*l*. for twelve months, on the security of a mortgage of freehold property, the defendant refused to advance the money unless the borrower would give him a promissory note for the amount, to be discounted by him at 5*l*. *per cent*. This the borrower agreed to, and a bond and mortgage were given for 6,700*l*., and the sum of 6,365*l*., the amount of the note minus the discount and charge of preparing the securities, was paid to the borrower. An ejectment having been brought to recover possession of the premises, on the ground that the mortgage was invalid as being given for an usurious consideration, the jury found that the primary object of the transaction was the discounting of the note, the mortgage being only a collateral security in the event of the note not being paid. It was held that the transaction was not usurious, and that the mortgage was valid independently of the statutes of *William* 4, and 1, 2, and 3 *Victoria*. In that case, nothing is said about the lender being a banker, nor does it appear from the facts stated that the discount was in the ordinary course of trade. The counsel for the plaintiff contended, that as the transaction had no reference whatever to trade, it was usurious and void, and he relied on the above mentioned cases of *Barnes* v. *Worlich* and *Marsh* v. *Martindale*. But, as already stated, the Court decided against him. Lord *Abinger* said, that *Barnes* v. *Worlich* had been frequently overruled. *Parke*, Baron, said, " there is no doubt that, where a party advancing money takes a higher rate of interest than the law allows, the transaction is usurious, and taints with illegality any

May Term, 1851.

COLE v. LOCKHART.

collateral security given to protect it. But where there is a *bona fide* discounting of a bill of exchange or promissory note, (and the jury by their verdict find that to have been the real transaction between these parties,) I think that, without referring at all to the modern enactments on the subject of usury, the transaction is legal; and as the discounting of the note was a fair and legal transaction, the collateral security given to protect it must be equally valid. Here the jury have found that the real object of the parties was the discounting of the note, and that being legal, it rendered the security by mortgage also legal." *Doe* d. *Haughton* v. *King*, 11 Mees. & Welsb. 333. The Supreme Court of the *United States* has decided that the taking of interest in advance upon the discount of notes, in the usual course of business by a bank, is not usury. *Thornton* v. *The Bank of Washington*, 3 Peters, 1, 40. It has been held in *New York*, that the taking of interest in advance, on discounting a negotiable note by a company not possessing banking powers, does not render the loan usurious. *The Utica Insurance Company* v. *Bloodgood*, 4 Wend. 652, 655. It is held in *Massachusetts*, that merely discounting the interest, at the time of making a loan, is not necessarily usury. It might be evidence, the Court said, of a design to evade the statute, but that was a question for the jury. *Lyman* v. *Morse*, 1 Pick. 295, note. In *Virginia*, it is decided that when a private individual discounts commercial paper, and deducts the interest at the time of the discount, it is not usury. *Parker* v. *Cousins*, 2 Grattan, 372. There is, in *Illinois*, the following case : *McGill* borrowed of *Ware* 2,500 dollars for five years, at 12 *per cent. per annum* interest, payable in advance, for which he executed his note. After deducting 300 dollars, the interest of 2,500 dollars for one year at 12 *per cent.*, *Ware* paid him 2,200 dollars. *McGill*, on the same day, executed his four several promissory notes for 300 dollars each, the yearly interest on 2,500 dollars at 12 *per cent.* payable severally one year in advance. It was held that this contract was not usurious. *McGill et al.* v. *Ware*, 4 Scammon, 21.

It does not appear that the respective statutes, upon which said decisions were made, differ materially, as to the matter in question, from that of 1838, to which we have referred.

We have heretofore decided that, under said statute of 1838, where an insurance company, authorized by its charter to discount or loan money, had discounted a promissory note payable one hundred and eighty days after date, the contract was not usurious merely because the interest was taken in advance when the note was executed. *Haas* v. *Flint*, 8 Blackf. 67.

After examining the above cited cases, with some others on the subject, we have come to the conclusion that the taking of the interest in advance, in the case before us, did not necessarily render the note usurious. The Court, placed in the situation of a jury, have found the note not to be usurious, and we do not think that their finding should be disturbed.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*R. Crawford*, for the appellants.

*C. Dewey*, for the appellee.