## AUSEM *v.* BYRD.

Assumpsit against *A.* and *B.* on a note due five years after date, with interest payable annually, and if not paid when due, the principal to become due. *A.* was defaulted. *B.* pleaded the general issue, and a special plea alleging his readiness to pay the interest, but that the plaintiff fraudulently left the state to prevent a tender of it. Demurrer to the special plea sustained.

*Held*, that the plea, if viewed as a plea of tender, or an excuse for not tendering the interest, was defective for not making *profert* of the money in Court.

*May Term,*
*1855.*

———————
AUSEM
v.
BYRD.

*Held*, also, that if regarded as a plea of fraud, its sufficiency was immaterial, the facts alleged being admissible under the general issue.

On the sustaining of the demurrer to the plea above mentioned, *B.* asked leave to file another plea, alleging that the note was obtained from him by the fraudulent connivance of the plaintiff and *A.*, who represented to him that the note was payable unconditionally five years after date; that he was not a very good scholar, and that it was written in a hand which he could not readily read, &c.

*Held*, that the plea was no defence to the action, and that therefore leave to file it was properly refused.

*Held*, also, that had it been sufficient, yet the facts being admissible under the general issue, the refusal would have furnished no ground for reversing the judgment.

A note was made payable five years after date, with interest payable annually, and if not paid when due, the principal to become due.

*Held*, that a judgment for the principal and interest before the lapse of the five years, the interest not having been paid as stipulated, was proper.

*Held*, also, that the practice of entering judgment in such cases for the whole demand, but with leave to take out execution only as the amounts become due, does not prevail in this state.

In a bill of exceptions taken in a cause tried before rule 30 of the Supreme Court took effect, there was no statement that the bill contained all the evidence given at the trial. *Held*, nevertheless, that the objection that the verdict was contrary to the evidence could not be noticed.

*Friday,*
*June 15.*

APPEAL from the *Huntington* Court of Common Pleas.

GOOKINS, J.—Assumpsit by *Byrd* against *Johnson* and *Ausem*, on a promissory note for 700 dollars, dated *September* 2, 1850, due five years after date, with interest payable annually, and if not paid when due the principal to become due. The suit was brought in *March*, and the cause tried in *April*, 1853. *Johnson* made default. *Ausem* pleaded the general issue, and a special plea alleging his readiness to pay the interest, but that the plaintiff fraudulently left the state to prevent a tender of it. A demurrer to this plea was sustained. In this there is no error. If viewed as a plea of tender, or, which is the same in effect, an excuse for not tendering the interest, it is defective for not making *profert* of the money in Court. If it is to be regarded as a plea of fraud, it is immaterial whether it was sufficient or not. The facts were admissible in evidence under the general issue. *Streeter* v. *Henley*, 1 Ind. R. 401.

On the sustaining of the demurrer, the defendant asked

leave to file another plea, alleging that the note was obtained from him by the fraudulent connivance of the plaintiff and *Johnson*, his co-defendant, who represented to him that the note was payable unconditionally five years after date; that he was not a very good scholar, and that it was written in a hand which he could not readily read, &c. The Court refused permission to file this plea, which is assigned for error. The defendant was not injured by a refusal to permit this plea to be filed, because it was no defence to the action, and would have availed nothing had it been allowed. For aught that appears, he had received, with *Johnson*, the consideration of the note, and the misrepresentation was of a matter apparent to the senses. The deed of one who can not read will not be avoided for that reason, unless he request that it be read to him. *Hallenbeck* v. *Dewitt*, 2 Johns. 404. Had the plea shown that the defendant was a surety, and had the circumstances of fraud been such as could not by reasonable diligence have been detected, it might have been sufficient. Besides, the facts were admissible in evidence under the general issue.

The issue was tried by jury. Verdict for the plaintiff for the amount of the note and interest. Motion for a new trial overruled and judgment.

An objection is urged to this judgment that the action was premature. It was formerly held, that debt would not lie for money payable in instalments, until the last was due. Co. Litt. 47, 292, *b.*—3 Co. 22, *a.* But assumpsit has always been held to lie for the recovery of money payable in instalments, before the whole was due. 1 Chit. Pl. 97. This is not an action, however, for the recovery of an instalment; it is for the recovery of the whole debt, in consequence of the non-payment of an instalment of interest. If *A.* makes a bill to *B.* for the payment of £20, viz., £10, &c., and hereby covenants and grants with *B.* that if he makes default in either of the said payments, he will then pay what of the whole shall be unpaid, after default of the first day, debt lies for the whole. Bac. Ab., tit. Conditions, P. 3, p. 669, note *a.*

It is further insisted, that if the plaintiff was entitled to judgment for the whole, it should have been with leave to take out execution only as the amounts became due. We have no such practice. Such a practice prevails in *England*, upon obligations like the present, but it is under the statute of 8 and 9 *Wm.* 3, c. 11, s. 8, which is not in force in this state. A similar practice prevails, we think, in *Pennsylvania*, and perhaps in other states, under special statutes, but it is a proceeding unknown to the common law.

We can not notice the objection taken to the verdict as being against evidence. There is no statement in the bill of exceptions that it contains all the evidence given at the trial.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. R. Coffroth*, for the appellant.

*J. R. Slack*, for the appellee.