Nov. Term, 1861.

Brown
v.
Maulsby.

*J. M. Wilson* and *W. Z. Stuart*, for the appellant.
*N. O. Ross* and *R. P. Effinger*, for the appellees.

---

## Brown *v.* Maulsby and Another.

A condition in a note, or other contract for the payment of money, that if not paid at maturity, interest will be charged from the date of the contract, is valid.

So a condition that if a given installment of a debt shall not be paid at a given time, the whole debt shall become due, is valid.

A creditor may make a condition in his contract, that if the debtor suffers himself to be sued for the debt, he shall pay the attorney's fee of the creditor, as well as the taxable costs of the case.

When a party covenants to perform certain acts, other than the payment of money, the failure to perform which may occasion damages uncertain in amount, the parties may agree in advance as to what the damages shall be taken to be.

A promise to pay money does not fall within the class of cases to which the doctrine of liquidated damages applies; the rate of interest allowed

by law being the measure of damages for delay in the payment of money.

Nov. Term,
1861.

BROWN
v.
MAULSBY.

Monday,
November 25.

APPEAL from the *Henry* Common Pleas.

PERKINS, J.—Suit upon a note, as follows:

"*December* 31, 1860.

"Eight days after date, for value received, we, or either of us, promise to pay *Isaac Brown* the sum of two hundred and sixteen dollars and twenty-seven cents, if paid when due; if not, we agree to forfeit and pay twenty per cent. damages for disappointment; waiving valuation and appraisement laws.   "J. B. MAULSBY,

"JACOB CLAPPER."

The defendant answered, that there was no consideration for the twenty per cent. damages; and that they were usury.

The plaintiff replied in general denial of the answer.

On the trial, the note was all the evidence given. The Court found for the plaintiff, the amount of the note, at six per cent. interest, refusing to allow the twenty per cent. damages.

The question, therefore, is on the *prima facie* import of the face of the note.

A man may charge legal interest for the use of his money, if he pleases. Hence, he may make its payment conditional; as that if his money is paid him by a given day, no interest will be exacted; but if not, that interest will be exacted. *Gully* v. *Remy*, 1 Blackf. 69; Ind. Dig. 529.

Again, a creditor may fix his own time for the payment to him of debts due; hence, he may make the time of falling due conditional; as that if a given installment be paid on a given day, the balance may remain unpaid for a certain further period; but, on the other hand, if such installment shall not be paid on a given day, then the whole debt shall be immediately due. These are legitimate matters of contract within the law of the land. *Ausem* v. *Byrd*, 6 Ind. 475.

So, legal interest may be taken in advance. *Cole* v. *Lockhar'*, 2 Ind. 631; Ind. Dig. 778; *Haas* v. *Flint*, 8 Blackf. 67. So, it has been held in *Indiana*, though the point is ruled the other way in *Ohio*, that a creditor may make it a condition

that if his debtor suffers himself to be sued for the debt, he shall pay the attorney's fee of the creditor, in the suit, as well as the taxable costs of the cause. *Billingsley* v. *Dean*, 11 Ind. 331.

Again, where a party covenants to perform certain acts, or a certain act, other than the payment of money, the failure to perform which may occasion damages, uncertain in amount, and to be estimated by a jury, the parties may agree in advance as to what the damage shall be taken to be, and the agreed amount may be recovered. But in this class of cases, it is always to be considered, and is often a question of great difficulty, whether the sum stipulated is a penalty, or liquidated damages. If the former, then it does not fix the amount to be recovered; if the latter, it does. Ind. Dig. p. 391; *Carpenter* v. *Lockhart*, 1 Ind 434; *Miller* v. *Elliott*, *id.* 484; *Duffy* v. *Shocky*, 11 Ind. 70.

If the note, in the case at bar, fell within the class of covenants of which we are speaking, it might be well argued that the sum stipulated to be forfeited on a failure to perform the act promised, was a penalty, and not liquidated damages; but the note does not fall within the class of covenants, or promises, to which the doctrines of penalty and liquidated damages are applied. The note is for the payment of money; and where the payment of a sum of money is the act to be done, no nearer approximation to the damages sustained for its omission, says *Gilchrist*, J., in *Mead* v. *Wheeler*, 13 N. H. Rep. 351, can be arrived at, than the legal rate of interest; and this is the rule of damages the law has fixed for delay in the payment of money. 2 Parsons on Cont. 436. This proposition appears to have been first asserted by Lord *Loughborough*, in *Orr* v. *Churchill*, in 1789, a case reported in 1 Henry Blackstone, p. 227, and it seems to have been adhered to. Sedgwick on Dam. p. 400. The consequence is, that in contracts for the payment of money, agreements of this kind, to pay damages, amount to no more, at all events, than penalties in bonds.

It would certainly be against public policy; would have the effect to abrogate all laws against usury, and place the weak and embarrassed entirely in the power of the money

capital of the land, should such a stipulation as that con- <span style="float:right">Nov. Term,</span>
tained in the note sued on be held valid. <span style="float:right">1861.</span>

*Per Curiam.*—The judgment below is affirmed, with costs. <span style="float:right">BLACK</span>
*James Brown*, for the appellant. <span style="float:right">v.</span>
*J. H. Mellett* and *E. B. Martindale*, for the appellees. <span style="float:right">JACKSON.</span>