## BICKLE v. BESEKE.

TENDER.—A tender made upon any condition prejudicial to the party to whom it is made, if not accepted, is no tender.

SAME.—If a conditional tender be made and accepted, it becomes a matter of contract, and may be binding.

CONTRACTS.—It is a general rule, that propositions, when accepted, are to have the force and effect which the party accepting knew the party making them intended they should have.

NOTE PAYABLE IN GOLD.—*A* made his note payable to *B* in gold. Before suit, *A* tendered treasury notes to be accepted, if at all, as gold, and kept up the tender after suit brought, till it was accepted by *B*.

*Held,* that it operated on acceptance as payment in full from date of original tender.

TREASURY NOTES—CONSTITUTIONALITY.—As to the constitutionality of legal-tender paper, see *Thayer* v. *Hedges,* 22 Ind. 282. (See, also, same case, *post.*

APPEAL from the *Wayne* Common Pleas.

PERKINS, J.—This was a suit by *Bickle* to foreclose a mortgage given to secure a note made payable in gold.

*Beseke* answered, setting up a tender, before suit brought, in *United States* legal-tender notes, and followed it up by bringing the money into court.

The plaintiff replied that the tender made was conditional; that is, the money was tendered on condition that the note should be given up on the receipt of it; which condition the plaintiff declining to comply with, the defendant did not pay the money.

On the trial, "it was admitted that before the commencement of the suit, the defendant produced and offered to pay to the plaintiff the amount due on the note secured by the mortgage in legal-tender treasury notes, and that the same was brought into court, and received by the plaintiff, and was by him taken out of court; that the plaintiff, when said money was tendered as aforesaid, offered to receive the same and credit it on the note, but defendant refused to pay except on the condition that the note should be surrendered to him and his mortgage canceled. The plaintiff did not refuse to receive the legal-tender notes, but claimed that the defendant must either pay the gold or its value, and the defendant refused to pay except the legal-tender notes."

A tender made upon any condition prejudicial to the party to whom it is made, if not accepted, is no tender. 2 Parsons on Bills, 625, and cases cited; Chit. on Bills, 663, 665. But if a conditional tender be made, and be accepted, it becomes a matter of contract, and may be binding.

A careful analysis of the evidence in this case shows that the real point of difference between the parties, was

not upon surrendering the note and mortgage, but upon the question of payment being made in legal-tender notes at par.

*Beseke* tendered *Bickle* some pieces of paper, insisting that they were gold by act of Congress, and hence claimed that they amounted to payment of his note, and entitled him to its possession. *Bickle*, not being able to see that pieces of paper, passing at from thirty to fifty cents to the dollar, were gold, refused to receive them as such, but was willing to receive them at current rates, according to which they would not liquidate the note, and hence would not entitle *Beseke* to its possession. The real question was, the reception of paper as gold.

Now, *Beseke* tendered to *Bickle* the amount of his note in paper, claiming that paper to be the equivalent of gold. *Bickle* refused to receive it; but *Beseke* still continued to offer it to him, if he would take it as and for gold. *Bickle* knew that *Beseke* thus understood his offer; and it is a general rule, that propositions, when accepted, are to have the force and effect which the party accepting knew the party making them intended they should have.

Applying this rule to the case at bar, *Bickle* knew, as we have seen, that *Beseke* tendered the paper to him to be accepted, if at all, as gold. *Bickle* finally accepted it while thus tendered; he of course accepted it, in point of law, as gold, and it being in amount, on its face, equal to his demand on *Beseke*, it satisfied that demand; and it having been tendered before suit brought, and kept up as a tender till it was accepted, it operated, on acceptance, as payment in full from the date of original tender, thereby barring the action, and subjecting the plaintiff to costs.

Had the amount tendered been less than was proved to be due, and had the dispute been upon that point, the plaintiff might have recovered beyond the amount tendered, and recovered costs.

But even in a case where the dispute might be as to

amount, the debtor might make a tender upon a condition, which, though no legal tender, as such, might be a satisfaction of a debt on acceptance upon the condition; thus, a debtor and creditor dispute as to the amount due. The debtor tenders a certain amount in gold, and keeps up the tender; the creditor takes the amount tendered, and sues the debtor for an additional sum. This he may do; but suppose the debtor to say to his creditor, I tender you $50, and I leave it at the bank of *A* for you, on condition that you, if you take it, accept it in full as the true amount between us. If you will not thus accept it, it is not to be received by you at all, but what you get must be through process of law. The creditor finally goes to the bank and receives the money tendered upon the above condition. Would not his act be an assent in point of law, to the proposition that that was the true amount between the parties? This case does not involve the constitutionality of legal-tender paper. See on that point, *Thayer* v. *Hedges*, 22 Ind. 282.

*Per Curiam.*—Judgment affirmed, with costs.

*Bickle & Burchenal*, for appellant.

*H. B. Payne*, for appellee.