## Rose et al. *v.* Duncan et al.

TENDER.—*Conditional Tender.*—A tender of payment made by the maker of a promissory note, on condition that the holder will dismiss an action against the maker in no way connected with the note, is bad.

SAME.—A tender of payment of less than the amount due is bad.

From the Morgan Common Pleas.

*W. R. Harrison* and *W. S. Shirley*, for appellants.

*C. F. McNutt* and *G. W. Grubbs*, for appellees.

WORDEN J.—This was an action by the appellant Aaron Rose, assignee of James R. Long, against John C. Duncan, James Martin, James J. Maxwell, and Presley Johnson, as the makers of a promissory note, whereby the defendants promised to pay to the plaintiff, nine months after the date thereof, at the First National Bank of Martinsville, Indiana, the sum of twenty-four hundred and seventy-six dollars and sixty-nine cents, with ten per cent. interest, and attorney's fees if suit should be instituted thereon, bearing date March 3d, 1871. Before final judgment, other parties than Rose were permitted to be made plaintiffs also; but as no error is assigned in respect to this proceeding by the appellees, against whom final judgment was rendered, we need not notice it further.

Issue, trial by the court, finding and judgment for the plaintiffs, but for less than was due upon the note, in this, that no interest was allowed after December 19th, 1871, the case having been tried and the judgment rendered in October, 1872. The plaintiff moved for a new trial upon this, amongst other grounds, but the motion was overruled, and an exception taken.

The following are the facts in the case, as we gather them from the record :

Aaron Rose, as assignee of James R. Long, sold certain lands to Mrs. Sarah J. Duncan, who was at the time under coverture. He conveyed the land to her by deed, and the note in suit was executed for the purchase-money, said John C. Duncan, one of the makers, being the husband of Sarah J. Before the note in suit matured, Rose instituted an action and proceeding in attachment, in the Morgan Circuit Court, against the husband, John C., upon an alleged claim against him in no way connected with the purchase by Mrs. Duncan of the land, nor growing out of her indebtedness for the land. He caused the attachment to be levied upon the land, which he had thus sold and conveyed to Mrs. Duncan. Soon after the note matured, perhaps about December 19th, 1871, Mrs. Duncan caused a tender to be made to Rose of the amount due on the note, upon condition that he would release the land from the attachment; but Rose declined to receive the money upon this condition. She then caused the money to be deposited in the First National Bank of Martinsville, and, when this was done, the plaintiff Rose caused the bank to be garnished, in his action against John C. Duncan. The action of Rose against John C. Duncan was finally defeated, and judgment was rendered for the defendant therein. After that action was thus terminated, Mrs. Duncan again offered to pay the note in suit, without interest, etc.

These are the material facts, and, in our opinion, they furnish no legal reason why the note should not be paid according to the terms thereof, including interest.

The first tender was made only on condition that Rose would release the land from attachment. But he was entitled to be paid without thus releasing the land. If the proceedings in attachment had been well founded, and if the land was subject to the attachment, on the ground that Duncan was the real purchaser, and that he had procured it to be conveyed to his wife in order to defraud his creditors, and if Rose had succeeded in his suit against Duncan, we do not see how these matters could have been any defence to the payment of the

note in suit, especially if Rose himself was guilty of no fraud. On the other hand, the prosecution of an unfounded action by Rose against Duncan and the attachment of the land as the property of Duncan can be no defence to the note in suit. When the note matured, therefore, Rose was entitled to payment without releasing his attachment,which he had a right to prosecute to final judgment ; and the conditional tender was ineffectual to stop the accruing of interest. The subsequent tender was insufficient, because the amount tendered was less than the amount due upon the note—it did not include interest.

We do not see as the garnishment of the bank has any influence upon the case.

The judgment below is reversed, with costs, and the cause remanded for a new trial.