## MOON ET AL. *v.* MARTIN ET UX.

GUARDIAN AND WARD.—*Conversion of Ward's Estate.—Purchaser with Notice. —Insolvency.*—Where a guardian has become insolvent, and the penalty of his bond has been exhausted, in a suit thereon, by a judgment against him and his surety, leaving an unsecured deficiency in the amount yet due to the ward, nevertheless the latter, in an action therefor, is entitled to a decree against such guardian such surety, and the assignee and judgment defendant, vesting in the ward the title to a judgment for an amount not exceeding such deficiency, against such defendant, wrongfully procured by such guardian, in his own name, upon a chose in action belonging to his ward's estate, and unlawfully assigned to such assignee, who received the same with knowledge of such conversion.

SAME.—*Defence.—Tender.*—In such an action it is no defence, that, prior to its commencement, and prior to his procuring such judgment, the guardian had offered to transfer such chose in action to the ward, upon condition that the latter would receipt the former for the amount thereof as so much cash upon the amount due to the ward, if such tender is not made good by bringing it into court.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave,* for appellants.

*L. M. Campbell,* for appellees.

PERKINS, J.—Cyrus Hunt was guardian of Rebecca J. Martin, and Milo H. Moon was surety upon his bond as such guardian. John V. Martin is now the husband of said Rebecca. Her name, as the ward of Hunt, was Rebecca J. Hussey. Said Rebecca and her said husband instituted a suit, in the name of the State, against said Hunt and Moon, on the bond of the former, above mentioned, and, on the 11th day of December, 1874, recovered a judgment against said Hunt and Moon for the amount of the penalty of the bond, being two thousand dollars, which judgment was affirmed by this court, on appeal. *Hunt* v. *The State, ex rel.,* etc., 53 Ind. 321.

In that suit, the jury found that Hunt had in his hands, unaccounted for, the sum of two thousand seven hundred and forty-two dollars, being seven hundred and forty-two dollars more than the penalty of the bond.

The court limited the judgment to two thousand dol-

lars, being the penalty of the bond, without prejudice to the plaintiff's right to further proceedings against Hunt, for the remaining seven hundred and forty-two dollars.

One of the items of the ward's property, which the guardian had in his hands, was a note, secured by mortgage, on one Bland, upon which note and mortgage said Hunt had obtained judgment in his own name, which judgment he had assigned to Christian C. Nave and Milo H. Moon, they having full knowledge, at the time, that it was the property of the plaintiff, Rebecca J. Martin, and which judgment they are seeking to collect for their own benefit.

The present suit was brought against said Bland, Moon, Nave and Hunt, to obtain a decree of the court, declaring that that judgment on the Bland claim is the property of said Rebecca, and giving her the right to collect it, and restraining the others, etc. Hunt was insolvent. The complaint was good on demurrer, and there was no motion to make its allegations more certain and definite. Demurrers were sustained to the defendant's affirmative paragraphs of answer. The paragraphs were clearly bad. One of them, as we understand it, interpreted by what appears in the record, set up as a defence, the fact that Hunt had offered to deliver to the plaintiffs the note and mortgage, if they would credit the amount of them as so much money paid on Hunt's cash defalcation.

The declension of the alleged conditional offer could not have the effect to vest the ownership of the property in Hunt as his individual property, nor authorize him to convert it to his own use. The offer was not followed up by bringing the note and mortgage into court.

Nor do we think the suit and judgment therein, on the bond above mentioned, against Hunt and Moon, a bar to this proceeeding. This is a suit to restrain the misappropriation of a specific article of property of the late ward, and to procure a judgment and decree declaring the own-

ership of it to be in said ward, with right to receive it, etc.,—property not covered by the judgment on the bond, and for which that judgment affords no security. This cause was commenced in December, 1874, and was tried by the court, and a judgment and decree, according to the prayer of the complaint, were rendered, over a motion for a new trial for the plaintiffs.

The evidence is in the record, and no question is presented, except the single one as to whether it sustains the judgment. No exception was taken to any evidence by either party, and all was admitted that was offered. No special finding was requested or made.

The court found, generally, for the plaintiff, and rendered judgment accordingly.

The record of the judgment, with the special finding of the jury as to the amount of the funds of the ward in the hands of the guardian, in the case of *Hunt* v. *The State, ex rel., supra,* was given in evidence, without objection. The cases of *Wallace* v. *Brown*, 41 Ind. 436, and *Summers* v. *Hutson*, 48 Ind. 228, and cases in them cited, are full to the questions of law upon which the judgment and decree in this suit securely rest.

The judgment is affirmed, with costs.