STOREY ET AL. *v.* KREWSON ET AL.

TENDER.—*Condition.—Promissory Note.—Payable in Bank.*—A tender of the amount due upon a promissory note payable in a bank of this State, made upon the condition that such note shall be surrendered, is sufficient.

QUERY.—Does such condition, attached to a tender of the amount due upon such an instrument, not so payable, render the tender insufficient?

SAME.—*Debt Secured by Mortgage.—Satisfaction.*—A tender of the amount due upon a promissory note secured by a mortgage on real estate, made upon the condition that such mortgage shall be released or cancelled, is insufficient.

SAME.—*Statute Construed.*—Section 5 of "An act concerning mortgages," approved May 4th, 1852, (2 R. S. 1876, p. 333) requires a mortgagee of lands to enter satisfaction thereof only upon his having received, not a tender, merely, but, full payment, of the debt secured thereby.

From the Marion Superior Court.

*G. W. Richardson* and *L. H. Richardson,* for appellants.

*E. A. Parker,* for appellees.

BIDDLE, J.—On the 1st day of December, 1873, Mary C. Henderson, and James M. Henderson, made their joint promissory note, payable seven months after date, to Harrison Owens and Narcissus Owens, for five hundred dollars, with interest, negotiable and payable at Fletcher & Sharpe's bank, in Indianapolis, without relief, etc., and at the same time executed a mortgage, conveying to the payees of the note a certain tract of land therein described, to secure payment of the note. Harrison Owens endorsed

the note and mortgage, in writing, and Narcissus Owens assigned the same, by delivery, to John W. Moore, who endorsed the same to the appellants. Afterwards, on the 1st day of July, 1874, Mary C. Henderson and James M. Henderson sold and conveyed the lands described in the mortgage to Amos D. Krewson and Datus E. Myers, who, as a part of the purchase-money, assumed the payment of the note made by the Hendersons to the Owens, secured by the mortgage on the same lands. The appellants brought this suit to recover upon the note, and to foreclose upon the mortgage, making Krewson and Myers, and Narcissus Owens, who had assigned the note and mortgage merely by delivery, defendants to their complaint.

Krewson and Myers answered, admitting the note and mortgage, and that they had purchased the land, and assumed the payment of the note; alleging that they made certain payments on the note, and on the 21st day of November, 1874, called upon the appellants to pay them the balance due, and were informed by them that the balance due on the note was two hundred and thirty-three dollars and forty-eight cents; and that, thereupon, at the same time and place, these defendants counted out and handed to these plaintiffs the said sum of two hundred and thirty-three and $\frac{48}{100}$ ($233 $\frac{48}{100}$) dollars, in full payment and satisfaction of said note and mortgage; that plaintiffs then and there took said money, handed them by defendants, counted the same, and remarked to the defendants that it was all right and satisfactory, and they would accept the same in payment of said note and mortgage. Defendants then and there demanded the surrender of said note, and the cancellation of said mortgage; whereupon the plaintiffs offered to surrender said note, but, wrongfully, fraudulently, for the purpose of oppressing these defendants by the bringing of this suit, refused to cancel, or have cancelled, said mortgage; the defendants then reserved the said money in their own possession,

making the same a tender to said plaintiffs for said payment of said note and mortgage, and cancellation of the same. That said money was good and lawful legal tender money of the Government of the United States, denominated "legal tender," or treasury note, currency. That these defendants now come and in open court continue to make said tender, and do now so tender said sum of money, to wit, the sum of two hundred and thirty-three and $\frac{48}{100}$ ($233 $\frac{48}{100}$) dollars, which sum they have paid into court for the benefit of plaintiffs, and the satisfaction of said note, and the cancellation of said mortgage, as heretofore tendered. That from the time of said forementioned tender, continually and constantly, these defendants have held said money subject to the order of the plaintiffs, and for the payment of said debt and cancellation of said mortgage, until the time of depositing said money with the clerk of the court, which is evidenced by the receipt of the said clerk hereto attached and made a part hereof, all of which facts were well and truly known to the plaintiffs at the time of bringing said suit. Wherefore, etc.

A demurrer, alleging the insufficiency of the facts stated, was overruled to this answer, and exceptions reserved. The proceedings, which need not be any farther stated, resulted in a judgment for the appellants, against the appellees, for the sum tendered, in the custody of the clerk, and for the costs, against the appellants and in favor of the appellees.

Was the tender, made upon the condition that the appellants should cancel the mortgage, sufficient? This is the decisive question in the case. In all other respects the tender, as alleged in the answer, is good.

The appellees insist that they had the same right to demand the cancellation and satisfaction of the mortgage from the appellants, as the makers of the note had to demand the same from the payees and mortgagees, in case the note had been paid by them; that the payment of the note, its surrender, and the cancellation of the

mortgage, were simultaneous acts, neither of which could be demanded without the performance of the other; and cites us to Story on Promissory Notes, sections 106 and 107, and the notes thereto. Neither Mr. Story, nor the notes, nor the authority cited, support the appellees, any farther than as to the surrender of the promissory note upon tender of payment being made. They say nothing about the cancellation of a mortgage.

When mutual acts are to be done by two parties, at the same time, and the right of each depends upon the performance of the other, either may tender his part of the performance, upon the condition that the other performs his part; and neither is compelled to perform his part unless the other performs his part, also; as when land is bargained and sold, to be conveyed upon payment of the purchase-money. In such a case, neither can be compelled to perform his part of the agreement, except on performance by the other of his part; that is, the vendee can not demand the conveyance without tendering the purchase-money; and the vendor can not demand the purchase-money without tendering the conveyance; and either may make a good tender to the other, upon the condition that he will perform his part of the agreement.

But when one party is to perform an act, whose right does not depend upon any act to be performed by the other party, the tender must be without condition, as when money is to be paid without condition. The current of authorities—indeed, we believe it to be quite uniform —holds that the party bound to pay the money can not make a good tender upon the condition that the party to whom the money is to be paid shall give him a written receipt therefor; and in the case of a non-commercial promissory note, the authorities are in conflict, whether a good tender can be made upon the condition that the note shall be surrendered; but in the case of commercial paper, the authorities seem to be uniform, that a tender upon condition that the paper shall be surrendered, is

good, because such paper might be put in circulation, after payment, and innocent parties become liable; not so, however, with non-commercial paper; after payment by the maker, it becomes harmless, as against him, wherever it may go. A tender, to be good, must not be upon any condition prejudicial to the party to whom it is made.

The mortgage is merely the incident to the note. The payment or satisfaction of a note secured by a mortgage is a full and complete discharge of the mortgage. According to the rules above expressed—and we believe they are correct and well sustained by authority—the answer we are considering is insufficient as to the averment of tender. The acceptance of the money, as alleged, and the surrender of the note, operated as a complete legal discharge of the mortgage by which the payment of the note was secured, as much so as if it had been surrendered with the note, released upon the record, or actually cancelled. The appellees had no right to demand a cancellation of the mortgage as a condition to the tender,—it would in no way have strengthened their right nor placed them in any better legal status—for the surrender of the note, upon its payment, worked the destruction of all legal vitality in the mortgage. *Armstrong* v. *Murphy*, 2 Ind. 601; *Sherman* v. *Sherman*, 3 Ind. 337; *Ledyard* v. *Chapin*, 6 Ind. 320; *Francis* v. *Porter*, 7 Ind. 213; *Bickle* v. *Beseke*, 23 Ind. 18; *Lynch* v. *Jennings*, 43 Ind. 276; *Rose* v. *Duncan*, 49 Ind. 269; *Roosevelt* v. *The Bull's Head Bank*, 45 Barb. 579.

We think a demand to cancel the mortgage, as a condition of the tender, is not different in principle from demanding a receipt as a condition to the payment of money.

It would be the duty of the appellants, after " having received full payment of the sum" secured by the mortgage, to " enter satisfaction on the margin or other proper place in the record of such mortgage," according to sec-

tion 5, 2 R. S. 1876, p. 334; but they could not be required to do so, merely upon a tender of the amount, as a condition to their right to receive the money. The section cited would not bear such a construction.

The judgment, as to the costs below, is reversed, with costs here; cause remanded, with instructions to proceed according to this opinion.