Vancleave r. Beach.

Filed April 1, 1887.

No. 12,350.

## VANCLEAVE v. BEACH.

PROMISSORY NOTE.—*Conversion.*—*Tort.*—*Contract.*—*Sale.*—*Payment.*—*Tender.*—*Bailment.*—*Set-Off.*—*Counter-Claim.*—*Measure of Damages.*—B. offered to sell a promissory note held by him, for $500. V., who held a note on B. for $488, proposed to purchase the note held by B. for the price asked, and on request, being permitted to see the note, took it from B., laid down the $488 note, and $12 in money, on a table. B. objected to this proceeding, but afterwards took the note and money from the table to prevent them from being lost. Held,

*First.* That the taking of the note and money by B. under the circumstances was not an acceptance of payment.

*Second.* That there was no sale of the $500 note by B.

*Third.* That the act of V. was a tort, unrelieved by any agreement, and that he acquired no title to the $500 note.

*Fourth.* That B.'s possession of the $488 note was that of a mere gratuitous bailee, and that he was entitled to maintain his action for the recovery of his note, without tendering to V. the note and money received.

*Fifth.* That in such action there can be no set-off or counter-claim allowed, B. being entitled to the possession of his note or its value.

*Sixth.* In such action B.'s measure of damages was the value of the note, principal and interest, taken from him by V.

From the Fountain Circuit Court.

*L. Nebeker* and *H. H. Dochterman,* for appellant.

*G. W. Paul, J. E. Humphries* and *W. W. Thornton,* for appellee.

ELLIOTT, C. J.—The case made by the appellee's evidence, shortly stated, is this : He was indebted to Shanklin & Co. in the sum of $488.56, for which he executed his promissory note ; he became the owner of a note executed by J. F. and S. Reister for $547; this note he offered to sell for $500. Vancleave asked to be allowed to see the note, agreeing to buy it and pay that amount for it ; the appellee exhibited the note ; Vancleave took it from him, and, after he obtained possession of it, laid down on the table before the appellee the $488.56 note executed by him to Shanklin & Co., and $11.44 in money. The appellee objected to Vancleave's proceedings, but, after some delay, took the $488.56 note and the money to prevent them from being lost. Subsequently he tendered the note and money to Vancleave, and demanded the Reister note, but no tender of the note or money was made in court.

There is no merit in the appellant's contention that the appellee can not maintain the action, because he accepted the payment tendered him. The conduct of Vancleave was utterly inexcusable, and he can acquire no rights by an artifice such as the appellee's evidence shows was practiced by him. Nor can he insist that there was an acceptance of the proffered payment, in the face of the evidence that the appellee protested against the wrong done him, and took the note and money offered him from the table only to prevent their loss. It may be that the appellee erred in taking the note and money at all; but, as he did not take it in payment, there was no sale.

A sale is a contract, and no contract can exist unless there is a meeting of the minds of the contracting parties, and in this instance one of them at once rejected the proposition implied in the words and conduct of the other. There was not the semblance of a contract, and the act of Vancleave was a tort pure and simple, unrelieved by any agreement, so that he did not and could not acquire any title to the note in controversy.

The difficult question in the case arises on the point made

by the appellant's counsel, that it was the duty of the appel--lee to bring into court the note and money taken by him from Vancleave's table. The cases cited by counsel are *Ausem* v. *Byrd,* 6 Ind. 475; *Moon* v. *Martin,* 55 Ind. 218; *Evansville, etc., R. R. Co.* v. *Marsh,* 57 Ind. 505; *Melton* v. *Coffelt,* 59 Ind. 310.

But these cases are not in point, for here there was no contract, nor is a rescission asked; but what is sought is possession of a promissory note taken by the defendant wrongfully, and not under any contract. There was neither a contract nor a transfer of possession, but the taking by the defendant was wholly without right, and not by virtue of an agreement. The appellee received nothing under a contract, for he took possession of the note and money laid upon the table by Van--cleave simply for the purpose of preventing their loss. He holds nothing under color of a contract, and he asks nothing upon a contract; what he asks is that he shall be given possession of a note wrongfully taken from him and held in dis--regard of his right. The note and money in his possession are not there by virtue of a contract, nor did he obtain them by yielding possession of the note taken by Vancleave, but they are in his possession as a mere gratuitous bailee. Our conclusion is that the appellee was not bound to tender the note and money to Vancleave.

Vancleave did not divest himself of title to the note proffered the appellee. One party can not thrust title upon another against his will. Here the appellee protested against the conduct of the appellant; there was neither delay nor hesitation, but there was prompt and emphatic dissent. If over that dissent Vancleave chose to take the risk, he must abide the consequences.

This is an action in tort, and there can be no set-off, nor can there be a counter-claim, because there was no transaction between the parties out of which it could arise. The appellee is entitled to the possession of his note, or to its value. The only way in which the appellant could have

escaped liability for its value was to return it to the owner. As he has kept the note he must pay its value.

There was no payment by Vancleave to the appellee. There was no contract upon which a payment could be made, nor was there any acceptance of a payment. There was no sale of the note, and, of course, no payment of part of the agreed consideration.

Under the evidence, the measure of damages was the value of the note, principal and interest, taken from the appellee by the appellant.

Judgment affirmed.

Filed April 1, 1887.