## MARTIN ET AL. *v.* BOTT, GUARDIAN.

[No. 2,124. Filed February 16, 1897. Rehearing denied April 22, 1897.]

TENDER.—*Finding of Court as to.*—A tender to be good in law must be made in the legal tender notes or coin of the United States. A finding by the court that a tender of the "lawful sum in money" is not equivalent to a finding that the tender was a legal tender *p. 450.*

SAME.—*Guardian and Ward.*—Where a guardian in an attempted settlement with his ward made to her a tender of a certain amount which was refused, and the guardian made his final report to the court and paid to the clerk thereof, for the use and benefit of his ward, the] amount so tendered, less $64.00 for taxes, expenses of making report, etc., such payment to the clerk not being the amount originally tendered, the tender was not kept good. *p. 450.*

SAME.—*When Operates as a Payment.*—Where a lawful tender of money has been made and kept good by bringing it into court and it is not accepted by the party to whom it is made, nor taken out of court, and it is found upon the trial that a larger sum is due, it operates as a payment on the sum finally recovered. *p. 451.*

APPEAL AND ERROR.—*Acceptance of Part Payment of Judgment Appealed from.—Statute Construed.*—Where a guardian tendered to his ward a certain sum of money in settlement and which was

by the ward refused, and the guardian afterward made his final report and paid to the clerk the sum so tendered, less certain expenses; and the ward excepted to such report, and a trial was had in which the court rendered judgment for the ward for an amount in excess of the amount so paid to the clerk and the ward appealed therefrom, and subsequent to the rendition of such judgment, received from the clerk the amount paid by the guardian at the time of filing his report, the acceptance of such sum of money by the ward amounted to a payment on the judgment, and under the provisions of section 644, Burns' R. S. 1894, she thereby waived her right of appeal therefrom. *pp. 451, 452.*

From the Washington Circuit Court. *Appeal dismissed.*

*F. M. Hostetter,* for appellant.

*J. A. Zaring* and *M. B. Hottel,* for appellee.

WILEY, J.—The appellee was the guardian of the appellant, Laura E. Martin, *nee* Beard, and upon her marriage with her co-defendant, John L. Martin, who was of age, he attempted to settle his trust with her, but they were unable to agree upon terms of settlement. At the time of the attempted settlement, appellee offered to pay her the sum of $1,059.59, claiming that it represented her estate in his hands after all proper credits, and she refused to accept it on the ground that such sum was not enough. December 12, 1895, the appellee, having failed to make a settlement with his ward, filed with the clerk of the proper court and county, and while the court was in session, his final report, and at the time of filing said report he paid to the clerk for the use and benefit of his ward, and of the money so tendered, the sum of $995.79, having deducted from the sum tendered $25.00 for his attorney in preparing and presenting his report, $25.00 for his own services, and $14.00 for taxes charged to said guardian in Harrison county, Indiana, for the year 1895, but which he had not paid. The appellants filed

exceptions to this final report, and also to all preceding reports. The matter was then submitted to the court for trial, and the court made a special finding of facts, and stated its conclusions of law thereon.

It is unnecessary for the decision of this case to state all the facts found or the several conclusions of law, as the decision may fairly rest upon one or two of the findings of fact and one conclusion of law. So much of finding seventeen as is pertinent to the main question is as follows:

"And this court finds as a fact, that on December 12, 1895, there was due said Laura E. Martin from her guardian, on account of her estate in his trust, after all proper credits have been allowed, and her estate and his reports are reviewed, the sum of eleven hundred eighty-two and one one-hundredths dollars."

The fifth conclusion of law is as follows:

"That said guardian is indebted on a final settlement with his said ward in the sum of $1,182.01, and he should pay her that sum, including the sum paid into court, to-wit: $186.22 should be paid to her in addition to the $995.79 paid into court for her, and she should recover costs."

So much of the judgment as is pertinent, which the court pronounced upon the special findings, and its conclusions of law, is as follows:

"It is therefore considered, adjudged and decreed and ordered by the court, that the said Laura E. Martin recover of said guardian, Michael Bott, as assets of her said guardianship and estate, the sum of eleven hundred and eighty-two dollars and one cent ($1,182.01), including the tender of nine hundred and ninety-five dollars and seventy-nine cents ($995.79), heretofore paid into court as a tender in this case, and that the said Bott shall pay into court, for the benefit of Laura E. Martin, within the period of fifteen days

from this date, the sum of one hundred and eighty-six dollars and twenty-two cents ($186.22), being the excess of the above recovery over the said tender."

The appellants excepted to each conclusion of law. Their motion for a *venire de novo* and for a new trial were unavailing, and they prosecute this appeal.

The appellee has moved for a writ of *certiorari*, claiming that there is a diminution in the record. It is clear to us that there is sufficient in the record to properly present the question for which a *certiorari* is asked, and hence the motion will have to be overruled.

The appellee has also moved to dismiss the appeal upon the sole ground that since the entry of the judgment appellants have received and receipted for a part of the judgment. The facts upon which this motion is based are these: Upon the day of the entry of the judgment for $1,182.01, the attorney for appellants called upon the clerk for the $995.79 that had been paid to him for the use and benefit of the ward, which sum was paid to the attorney by the clerk, who took his individual receipt therefor. Afterwards, and on the margin of the order book opposite the judgment, the attorney wrote a duplicate of that receipt and signed it. That receipt is as follows:

"Received of John Stratton, clerk, nine hundred and ninety-five dollars and seventy-nine cents ($995.79) in full of tender heretofore made by Michael Bott, guardian of and for Laura E. Martin, *nee* Beard, his ward. Dated this January 10, 1896.

F. M. Hostetter,
Attorney for Laura E. Martin."

The object and purpose of appellee in asking for a writ of *certiorari*, was to bring into the record a transcript and a certification of this receipt, which was placed upon the order book and on the margin thereof, after the entry of the judgment, and also after the

transcript in this case had been made and filed in this court.

The reason for denying the writ at this time is twofold. (1) The receipt itself having been placed upon the docket entry of the judgment after said judgment had been spread of record was in no sense a part of the record of the court; and (2) the appellants openly admit in their brief upon the motion to dismiss, all the facts set out by appellee in his application for a writ of *certiorari*, and say that said receipt was placed upon the margin of the docket containing the original judgment after the transcript had been certified and filed in this court.

There is, therefore, no reason for adding any additional expense or incumbering the record by the issuing and return of such writ, for upon the admission of the appellee, and the facts set out in the application for the writ, we are enabled to dispose of the motion to dismiss.

Appellee contends that the $995.79 paid to appellants, and accepted by them, operated as a payment on the judgment, and having accepted the same they are inhibited, under the statute, from prosecuting this appeal. The contention of appellants is, that the $995.79 paid by appellee into court, and by the clerk paid to them, was in the nature of a tender, and its payment into court having preceded the judgment, their acceptance of the same after judgment was not a payment thereon.

If this was a payment on the judgment, appellee's motion to dismiss must prevail. The judgment itself should be of controlling influence in the disposition of the question, and it will be observed from that portion of the judgment above quoted, that the amount of the recovery is fixed at $1,182.01. We will, therefore, first determine the question as to whether or not

the money brought into court on the submission, by appellee, or his final report was a tender within the meaning of the law. Appellant, Laura E. Martin, though an infant, had intermarried with her co-appellant, John L. Martin, who is a man thirty years of age, and, under section 2690, Burns' R. S. 1894 (2526, Horner's R. S. 1896), he was "authorized to account to the wife, with the assent of the husband." This he attempted to do, but failed. The only course that remained for him to pursue was to submit his final report to the court for approval or rejection and abide the judgment of the court thereon. This he did, and in his report he states fully his effort to settle with his ward and her husband, and shows that "he offered and tendered by and through one of his sureties  *  *  *  $1,059.79 to his ward, to-wit: to her husband, John L. Martin, and to F. M. Hostetter, her attorney acting for his ward, and they refused to accept the same in full settlement with said ward." The report then shows that appellee, after making certain deductions from the $1,059.79 for expenses and services, etc., as shown in this opinion, that he paid "into the office of the clerk of this court for the use and benefit of his said ward said sum above shown, of $995.79, as in full settlement of said ward," etc.

It is true that in the seventh special finding the court finds that "said guardian tendered to the said Laura E. Martin the lawful sum of $1,059.79," and in the eighth finding that "said Bott, at the time of filing said final report, paid to the clerk of this court of the sum so tendered, the sum of $995.79." As the fifth conclusion of law the court stated: "That said guardian is indebted on a final settlement with his said ward in the sum of $1,182.01, and he should pay her that sum, including the sum paid into court, to-wit: $186.22

should be paid to her in addition to the $995.79 paid into court for her, and she should recover costs."

Construing these findings and conclusions of law, and the express language of the final report, by the great weight of authorities, we cannot hold that the money paid into court constituted a tender. It is true the court speaks of the money paid into court as a tender, but the facts as found, measured by the law defining a tender, conclusively show that it was not a tender. The appellee did tender to his ward $1,059.79 in full settlement with her, and the court finds that it was "the lawful sum of $1,059.79 in money." There is a wide distinction between the terms "lawful sum in money" and "legal tender." A tender to be good in law must be made in the legal tender notes or coin of the United States, and there is nothing in the record showing that the money tendered appellant was of that character. National bank notes and gold and silver certificates are lawful money, and so recognized in the commercial exchanges of the United States, but they are not a legal tender.

But there is a more substantial reason why the payment of the $995.79 to the clerk for the benefit of the appellant was not a tender, and that is, the amount so paid in is not the amount that was originally tendered or offered to her. Where a tender is made of money, that exact amount must be brought into court. *Ausem* v. *Byrd*, 6 Ind. 475; *Moon* v. *Martin*, 55 Ind. 218. Further citation of authorities is unnecessary in support of so familiar a proposition of law. Again, it has been held that a tender made upon any condition prejudicial to the party to whom it was made, if not accepted, is no tender. *Bickle* v. *Beseke*, 23 Ind. 18. Even if the amount first tendered to the appellee was a tender, it is shown it was prejudicial to her, in that

it was not enough, and she refused to accept it. It was not a tender.

But if, by any strained construction, it could be said that the amount paid into court by appellee was a tender, the appellant would be in no better position than she is, for the law in this State is, that if a lawful tender of money has been made and kept good by bringing it into court, if it is not accepted by the party to whom made, nor taken out of court, and it is found upon the trial that a larger sum is due, it operates as a payment on the sum finally recovered.

In the case of *Reed* v. *Armstrong*, 18 Ind. 446, the court says: "If the tender is sustained by proof, and thus made good, the plaintiff does not recover unless he can show the sum so tendered was insufficient. So if the money is accepted, taken out of court by the plaintiff before verdict, and the pleading is so shaped as to continue litigation for a balance still supposed to be due, the judgment should only be for the amount found due over and above that so taken out of court. If it is not accepted or taken out of court, but a greater sum found due, still the defendant cannot retain it, but it must remain as a payment on said sum so found due."

This case is decisive of the question under consideration. The court found there was due appellant $1,182.01, being $186.22 in excess of the amount paid into court. The appellant did not accept or withdraw the amount paid into court until after the court had made its findings, stated its conclusions of law and pronounced judgment thereon. The money then in the hands of the clerk became a part of the judgment, and its acceptance operated as a payment thereon.

Having arrived at the conclusion that the money paid into court was not a tender, the court having included it in its findings, conclusions of law and final

judgment, and the appellants, subsequently to the judgment, having accepted a part of the money, it must be regarded as a payment thereon, and, therefore, under the express provisions of the statute, and the repeated decisions thereunder, they waived their right of appeal.

Section 644, Burns' R. S. 1894 (632, Horner's R. S. 1896), provides, that "the party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon." The courts of last resort in this State have had occasion many times to construe the statute just quoted, and it has been invariably held that the statute means exactly what it says. And it has been universally held that a judgment creditor, after having received any part of a judgment, is estopped from appealing therefrom. *Patterson* v. *Rowley*, 65 Ind. 108; *McCracken* v. *Cabel*, 120 Ind. 266; *Newman* v. *Kiser*, 128 Ind. 258; *Sterne* v. *Vert*, 108 Ind. 232; *Seigel* v. *Metzger*, 1 Ind. App. 367; *Monnett* v. *Hemphill*, 110 Ind. 299.

While it is unnecessary, we deem it highly proper to say that we have examined the record with much care, and are of the opinion that the learned court below, from all the facts found, arrived at a correct and equitable conclusion, and that this appeal is wholly without merit.

Appeal dismissed at cost of appellants.