### SHAW, Banking Com'r, v. NOLEN.
### (No. 8289.)

Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1929.

Rehearing Denied Jan. 15, 1930.

446

Spencer, Rogers & Lewis, of San Antonio, for appellant.

Fly & Ragsdale, of Victoria, for appellee.

COBBS, J. Appellant banking commissioner sued W. C. Nolen, appellee, on a promissory note executed by appellee, dated August 1, 1927, for the sum of $1,200, payable to Yoakum State Bank six months after date, with 6 per cent. interest after date. It is alleged that the note was delivered to the Bankers' Finance Corporation of South Texas, which corporation delivered it to Yoakum State Bank and received from the bank $1,200 cash; that the charter of Yoakum State Bank had expired; that a new corporation known as the Yoakum State Bank had been organized about August 9, 1927, and all of the assets of Yoakum State Bank were transferred to the new bank.

The defense, besides exceptions, was that the note was given for stock in the Bankers' Finance Corporation of South Texas, with the understanding that the note would be held in escrow by the bank until Nolen procured a loan of $12,000 from the Bankers' Finance Corporation, at which time 10 per cent. of the proceeds of this loan would be used to pay off and discharge the note; that, in the event he did not procure the loan, he was not to pay the note; that he executed the note and delivered it in advance of receiving the stock and the loan because it was represented to him that the note was needed by the managers or promoters of the corporation as evidence that he had bought $1,200 worth of stock in the corporation. He alleged that these dealings were had with M. C. Driscoll, one of the bank's officers, and that the transactions occurred at the bank's place of business. He alleged further that the stock was never delivered to him; and that the loan was never made, so that the note never became the property of the bank, it was simply held in trust by it; that the consideration of the note failed; and that it was unenforceable because it was given for stock in a corporation in violation of the Texas Constitution.

This case was tried with a jury upon special issues submitted by the court.

The jury found that Yoakum State Bank, through its vice president, M. C. Driscoll, acquired possession of the note under the agreement with Nolen that the bank would hold the note until the Bankers' Finance Corporation delivered $1,200 worth of stock in said corporation and made him a loan of $12,000; that the new bank, at the time it took over the assets of the old one, had knowledge of this agreement; that the new bank agreed and obligated itself to carry out the agreements and contracts of the old bank; that other officers of the Yoakum State Bank, other than Driscoll, at the time the note was acquired, had knowledge of the agreements made with Nolen; that the knowledge of M. C. Driscoll was acquired in the transaction of the business of the bank; and that other officers of the new bank had knowledge of all the facts.

It was a proper pleading that the defendant was not to pay the note given for subscribed stock in the event he did not obtain the loan from the corporation in which he was subscribing for stock, and the court did not err in refusing to strike it out. The verbal testimony stating the facts and want of consideration was proper.

Defendant raised by his pleading that Yoakum State Bank was merely a trustee and not the owner of the note and had no right to recover on it. The note was delivered and held in escrow, and there was no consideration given for it. Waters v. Byers Bros. & Co. (Tex. Civ. App.) 233 S. W. 572; article 1, § 16, of Uniform Negotiable Instrument Law of this state passed by Thirty-Sixth Legislature (chapter 123); Reid v. Ragland (Tex. Civ. App.) 156 S. W. 920; Henry v. McCardell, 15 Tex. Civ. App. 497, 40 S. W. 172; Rahe v. Yett (Tex. Civ. App.) 164 S. W. 30; Central Bank & Trust Co. v. Ford (Tex. Civ. App.) 152 S. W. 700; Hansen v. Yturria (Tex. Civ. App.) 48 S. W. 795; Watson v. Rice (Tex. Civ. App.) 166 S. W. 106 (writ of error refused); Hawkins v. Johnson (Tex. Civ. App.) 181 S. W. 563, 567.

In the Hawkins v. Johnson Case, supra, the court says: "But, aside from the question of consideration, the weight of authority seems to support the proposition that parol evidence is admissible for the purpose of showing that a promissory note, though absolute in form, and delivered to the manual possession of the payee, was not intended to take effect as a binding obligation until the happening of a stipulated contingency."

See, also, Tucker v. Tucker, 113 Ind. 273, 13 N. E. 710; Zimmerman v. Adee, 126 Ind. 15, 25 N. E. 828; Walters v. Walters, 34 N. C. 28, 55 Am. Dec. 401; Sutton v. Griebel, 118 Iowa, 78, 91 N. W. 825; Watson v. Rice (Tex. Civ. App.) 166 S. W. 106; Hughes v. Crooker, 148 N. C. 318, 62 S. E. 429, 128 Am. St. Rep. 606.

■ We overrule the contention that the parol testimony was an attempt to vary the terms of the written instrument. It is always very proper to admit testimony to show that a note, though reciting a consideration as having passed, that the real consideration never in fact passed. Being a conditional delivery, and no consideration having passed, the testimony was therefore clearly admissible.

■ It is too clear for discussion, under the facts in this case, that the note never became a binding or enforceable obligation until the stock was issued for which appellee had subscribed, and a loan was made to appellee by the corporation issuing the stock. The note was given simply as an evidence of subscription.

The bank was not an innocent purchaser or holder of the note, for it knew at the time it was executed that the note was not to become a binding obligation against appellee until the loan was made and the stock issued to him. Unless appellant acquired the note in good faith and without any notice of any defense of the failure of consideration, then any defense that could be urged against the party taking the note could be urged in a suit where the note was taken under the circumstances which it was given. National Trust & Credit Co. v. Oliver (Tex. Civ. App.) 203 S. W. 608, 611.

The consideration utterly failed for which the note was given, and the recovery is based upon the most futile and technical grounds.

The note was given to represent a subscription for $1,200 worth of stock of the Bankers' Finance Corporation of South Texas, but as a matter of fact no such stock was ever issued or delivered to appellee. The loan was to be made for $12,000 before the note was to become a binding contract, but such loan was never in fact made to him.

The agreements were made in the office of Yoakum State Bank, with its vice president and business manager, and, so having notice, it cannot claim to be an innocent purchaser, though it may have made an improper use of the note, and paid to some one else the face value of the note.

The bank took possession of appellee's note with an affirmative understanding that the bank would hold the note until the happening of the contingencies, and would, upon failure of such contingencies, return appellee's note. It therefore acquired no rights that it could enforce.

■ Yoakum State Bank transferred its assets, including the note sued upon, to the Yoakum State Bank for the purpose of carrying on the business of Yoakum State Bank, whose charter had expired under the name of Yoakum State Bank, and the officers and directors were the same in the new institution as they had been in the old (simply, as it were, a change of old into new garments), and therefore the new officers had full knowledge of all the facts and circumstances surrounding the transaction at the time the note sued upon came into existence, and it therefore cannot be held to be an innocent purchaser, for it had full knowledge of the infirmities in the note at the time of its execution.

We have examined and considered each and all of the assignments and propositions, and overrule the same.

The judgment is affirmed.