### SHAW, Banking Com'r, v. AVANT. (No. 8288.)

Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1929.

Rehearing Denied Jan. 15, 1930.

Spencer, Rogers & Lewis, of San Antonio, for appellant.

Fly & Ragsdale, of Victoria, for appellee.

SMITH, J. The case submitted here is substantially the same as that of No. 8289, James Shaw, Banking Commissioner, v. W. C. Nolen, this day decided (Tex. Civ. App.) 23 S.W.(2d) 445, with this exception, that the judgment was rendered in the latter case upon specific findings of the jury, whereas in this case the judgment was rendered upon a directed verdict in favor of appellee. The evidence was substantially the same in its effect in both cases, so that there remains to be determined in this case the question only of whether there was such conflict in the evidence as to raise an issue for the jury.

It may be said, generally, that it was shown by both pleadings and evidence that appellee executed his promissory note, payable to Yoakum State Bank, for $2,500, and delivered it to one Brown, as agent of the Bankers' Finance Corporation. The note was given primarily for the purchase of capital stock in said corporation, with the understanding between the parties that the stock would ultimately, upon reorganization or enlargement of the capital stock of said corporation, be issued to appellee, and that said corporation would thereupon make a loan to appellee, from which loan the corporation would withhold the amount of the note. It was further agreed between the parties that the note would be held, and its delivery as a binding obligation would be postponed, until the corporation issued said stock and made said loan to appellee. That stock was never issued, nor the loan made, to appellee, whereby there was a total failure of consideration for the execution of the note.

The officers of the Yoakum State Bank had full notice of all these matters, and the agent Brown acted throughout the transaction with the full knowledge, acquiescence, and connivance of the bank's officials. When Brown procured the note from appellee, he delivered it to those officials, who placed it among the assets of the bank.

Subsequently its officials, ascertaining that the corporate charter of said bank had expired through the carelessness or inadvertence of said officials, reorganized the corporation and obtained a new charter under the slightly different name of "The" Yoakum State Bank, and continued the business as before: In this process the de facto corporation assigned the note in question, along with all its assets, to the newly chartered bank. But, as the officials of the new corporation were identical with those of the old, and as the latter was but a continuation of the former, the assignee took the note with full actual notice of all the conditions under which the old bank obtained possession of the instrument, whereby the assignee's rights in the paper were restricted to those enforceable by the assignor.

■ The evidence seems to conclusively show that the conditions relied upon by appellee to defeat liability relate to the delivery, rather than to payment, of the obligation, and are therefore enforceable under the provisions of the Negotiable Instruments Act (section 16, art. 5932, Rev. St. 1925) without contravening the rule against parol modification of the terms of written instruments. The trial court therefore did not err in directing a verdict for appellee.

■ The question of innocent purchaser does not arise in favor of the bank as reorganized. The officials of the old corporation themselves effected the reincorporation, and became the officials of the new product. They carried with them into the new corporation all the knowledge they obtained in their management of the superseded entity, and when, as officials of the latter, they purchased the note in question from themselves as officials of the former, they took the instrument subject to all the vices they knew attached to it.

■ It is also contended by appellant that the bank's officials were acting as individuals, and not as agents of the corporation, when they procured appellee to execute the note, and that therefore their acts, and the knowledge they obtained in that transaction, cannot be imputed to the corporation. This contention is inconsistent with the bank's suit to recover upon the note so procured with the knowledge of the corporate officials. If the officials of the bank were acting outside the scope of their authority, or against the interest of their principal, in procuring the execution and obtaining possession of the note, the bank cannot invoke the aid of the courts to enable it to profit by those acts, by the simple process of repudiating them.

We think these conclusions, coupled with those stated in the opinion in the Nolen Case, mentioned at the outset, dispose of the material matters raised in this appeal. We conclude that both the pleadings and the evidence support the judgment, which will be affirmed.