### CIBOLO BANK v. FINDLATER et al.
### No. 9177.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1933.

Rehearing Denied Jan. 10, 1934.

Knetsch, Stevenson & Knetsch and Dibrell, Mosheim & Campbell, all of Seguin, for appellant.

Wirtz & Weinert and W. S. Gideon, all of Seguin, Dan Moody, of Austin, and C. C. Crocker, of San Angelo, for appellees.

FLY, Chief Justice.

This suit was instituted by appellant against Geo. Hagen, J. Findlater, C. C. Crocker, Walter Cook, L. W. Fuchs, and Geo. R. Thomson, to recover from them on a note for $12,000, on which had been credited the sum of $4,210, executed by appellees to the State Brokerage Corporation, by whom it was alleged it was transferred to appellant. Appellant claimed to be an innocent purchaser of the note for value, before maturity, and that issue alone was presented to a jury by the trial judge.

In answer to the issue presented as to the innocence of appellant in purchasing the note, the jury responded that appellant was not an innocent purchaser of the note, whereupon a judgment was rendered that appellant take nothing by its suit, and that the note sued upon be canceled.

The suit was upon a note for $12,000, less certain credits, given by appellees herein to the State Brokerage Corporation, and by that corporation transferred to appellant herein. The facts seem to indicate that the State Brokerage Corporation was an agent of Murray-Tips Company, a corporation, and that the consideration in said note was shares in said Murray-Tips Company, Inc. Appellees contend that they executed the note for certain shares of the Murray-Tips Company, Inc., and that the Cibolo Bank, appellant herein, bought said note with full knowledge that said shares had been issued in violation of article 12, § 6, of the Constitution of the state of Texas. That provision of the Constitution is as follows: "No corporation shall issue stock or bonds except for money paid, labor done or property actually received, and all fictitious increase of stock or indebtedness shall be void."

It seems from the evidence that appellant was handling notes held by the Krueger Machinery Company, and, having an unsecured note of said Kreuger Machine Company, bought certain machinery for $7,500, which machinery had belonged to the Krueger Machinery Company, which had become insolvent. That machinery was then sold to Max Krueger for $11,750, and the corporation known as the Murray-Tips Company was organized, and Krueger sold the machinery to that corporation for $53,518.72. It appears that 51 per cent. of the capital stock of the Murray-Tips Company was placed in appellant bank and held by it for a term of one year, and then returned to Krueger when he indorsed a note for $10,600 given to him by J. Findlater. The evidence showed that it was brought to the knowledge of the officers of the bank that the note for $10,600 was given for shares in the Murray-Tips Company. It was admitted by A. G. Janszen, the president of the bank, that the day after the Murray-Tips Company received its charter he

wrote a letter recommending the stock, and stated that he had done so to advance the interest of the Murray-Tips Company. It was after this occurrence, and with full knowledge of the object and aims of the Murray-Tips Company, that the note sued on in this case was bought by appellant.

The circumstances indicate that appellant knew, or could have known with the least diligence, that stock in the Murray-Tips Company was sold for the note sued on in this case, and that the company was organized for the purpose of paying off the debt of Krueger to the bank, and that the stock was sold in violation of the article of the Constitution above referred to.

There is no contention that the finding of the jury that appellant was not an innocent purchaser of the note in suit is not supported by the evidence.

 Appellees admitted that appellant had a good cause of action, as set forth in its pleading, except so far as it may be defeated, in whole or in part, by the facts set forth in their answer constituting a good defense. This is an admission of appellees made under the provisions of rule 31 for the district courts, and it is the vigorous contention of appellant that appellees had no right or authority to attack the consideration of the note after having admitted what they did under the terms of the rule. It is provided explicitly in the rule that such admission shall apply to all points except in so far as the case of the plaintiff has been met and defeated by the facts of the answer constituting a good defense. It is the contention of appellant under such admission no advantage can be taken of the fact that the instrument sued on is under the Constitution and laws of this state utterly null and void. We cannot give our sanction to any such proposition of law. If the consideration was one denounced by the Constitution, no agreement could imbue it with vitality and force. Under the admission made through the provisions of rule 31, the defendant does not deprive himself of his grounds of defense, but he merely admits a prima facie case on the part of the plaintiff, which may be refuted and destroyed by the allegations of the answer. The admission is as to the allegations of plaintiff and the proof required thereunder, and has no reference whatever to the defense that may be made out under the allegations of the answer. This has been well settled by decisions of the appellate courts of Texas. Smith v. Traders' National Bank, 74 Tex. 541, 12 S. W. 221; Central National Bank of Waco v. Lawson (Tex. Com. App.) 27 S.W.(2d) 125; Mason v. Peterson (Tex. Com. App.) 250 S. W. 142.

It may be fairly inferred from the evidence that appellant was, tacitly at least, a party to the organization of the Murray-Tips Company, and that it was a part of the scheme to issue shares in that corporation and from the proceeds thereof obtain funds with which to pay off and discharge the debt due by Krueger to appellant. It is clear that the note was taken by Krueger from the appellees and made payable to the complacent State Brokerage Corporation, which was to sell it to the bank, which was to become an innocent purchaser for value, if it became necessary to enter the courts to collect. This was undoubtedly the view of the testimony taken by the jury which found that appellant was not an innocent purchaser.

 The court did not err in refusing to give the special instruction, asked by appellant, to the jury. It can have no effect upon the illegality of the sale of the stock that said stock was not delivered to appellees. They bought the stock, and it was theirs—issued or unissued.

There was practically no conflict in the evidence, and the court did not err in placing his judgment upon a finding that appellant was not an innocent purchaser of the note. That was the only debatable question in the case.

The judgment is affirmed.