**BEARDEN v. NESUDA et al.**

**No. 3098.**

Court of Civil Appeals of Texas.

Waco.

June 25, 1953.

622

W. J. Garrett, Jacksonville, for appellant.
Earle C. Driskell, Ennis, for appellees.

HALE, Justice.

Appellant sued appellee and Cosmopolitan Building Corporation, hereafter referred to as the Corporation, to recover on a negotiable promissory note dated March 1, 1950, in the principal sum of $510, said note being signed by appellee and being payable to the order of the Corporation one year after its date, alleging that he was an innocent purchaser for value of the note before its maturity. Appellee answered with a general denial and a verified plea that there was no consideration for the execution of the note, that the consideration for the execution thereof had wholly failed, that the consideration was illegal, that the note was given in payment for seventeen shares of the Corporation's capital stock, that the stock was never issued or delivered to him, that the Corporation had become insolvent, that appellant was an active director of the corporation at all

times material to the suit and knew, or should have known, of its insolvency and that he was not an innocent purchaser of the note.

The case was tried before the court without a jury and resulted in judgment for appellant against the Corporation but in favor of appellee on appellant's asserted cause of action against him. As we understand appellant's brief, he contends in substance that the court erred in rendering judgment for appellee because he says the note in controversy was transferred in due course of business from the Corporation to B. A. King, that he purchased the note for a valuable consideration before its maturity from King and that he was an innocent purchaser thereof without any knowledge or notice of any defense which appellee might have had against its enforcement in the hands of the Corporation.

At the request of appellant, the trial court filed extensive findings of fact and conclusions of law, finding in effect that the facts alleged in the answer of appellee to the petition of appellant were substantially true and correct. Although appellant does not mention in his brief any of the findings of fact by the trial court, we cannot ignore such findings because if they are supported by the evidence they are conclusive against the contentions urged here on behalf of appellant.

The evidence shows that the Corporation was organized by the officers and directors of the Cosmopolitan Insurance Company for the purpose of constructing a building for the Insurance Company. The directors of the Insurance Company served as directors for the Corporation. Appellee was an employee of the Insurance Company and he was requested by the officials of the Insurance Company and of the Corporation to buy some stock in the Corporation by executing his note therefor. The evidence shows that the note sued upon was given by appellee in payment for seventeen shares of the Corporation's stock but the stock was not then available to the Corporation and it was never issued or delivered to appellee; appellant was a stockholder and an active director of the Cor-

poration and was well aware of its financial difficulties; the Corporation sought a loan from B. A. King and offered to pledge certain notes payable to its order as collateral security for the repayment of its loan, including the note here sued upon; King agreed to make the loan to the Corporation upon the condition that appellant endorse the notes which the Corporation was to pledge as collateral security for the repayment of its loan; in pursuance of such agreement, appellant joined the Corporation in a blank endorsement of the note and delivered it to King as a part of the security for the repayment of the Corporation's debt to him; the Corporation became wholly insolvent, a receiver was appointed to liquidate its affairs and King demanded of appellant that he discharge his obligation as an endorser on the note here sued upon; appellant then paid to King the amount evidenced by the note and King delivered the note to appellant.

The trial court expressly found, among other things, that appellant, "as an officer and director of said Corporation knew, or should have known, at all times the facts in regard to said note and the financial affairs of said Corporation; and particularly, when he endorsed said note to King, said plaintiff knew and was bound to know that (a) said Corporation was insolvent (b) said note had been given by defendant for stock in said Corporation which defendant had never received and could not receive, and (c) that such 'transaction was one that might necessarily work a manifest injustice on the defendant Alvin Nesuda."

▮ In our opinion the evidence in the case was amply sufficient to sustain all of the findings of fact made by the trial court and under the facts so found the court was authorized and required to deny any recovery to appellant as against appellee. Washer v. Smyer, 109 Tex. 398, 211 S.W. 985, pt. 1, 4 A.L.R. 1320; Shaw v. Nolen, Tex.Civ.App., 23 S.W.2d 445; Shaw v. Avant, Tex.Civ.App., 23 S.W.2d 447, (er. ref.) Cibolo Bank v. Findlater, Tex.Civ.App., 67 S.W.2d 392 (er. dis.).

Finding no error in the judgment appealed from, it is affirmed.